No. 2,334.

F. WALTON TODD. RESPONDENT, *v.* B. F. MYRES, APPELLANT.

ACTION FOR MEDICAL SERVICES.—A physician employed to attend a patient is the best and the proper judge of the necessity of frequent visits, and in the absence of proof to the contrary, the Court will presume that all the professional visits were deemed necessary and were properly made.

IDEM.—PLEADING.—CONSTRUCTION OF.—In an action on account for services rendered, where the complaint alleges the services were rendered between two specified days, items occurring on the two days mentioned, are not within the allegations of the complaint.

APPEAL from the District Court of Fourteenth District, Placer County.

Action was brought by plaintiff, a practicing physician, to recover the sum of $400, for professional services rendered defendant's family.

The amended complaint on which plaintiff went to trial, charged that the services were rendered between the 16th day of March, 1867, and the 19th day of April, 1868, including an item of $30 on the first named date, and an item of $5 on the last named date.

The evidence showed that the plaintiff, during the time mentioned, visited and prescribed for defendant's family, more or less sick, sixty-six times; but it did not appear that plaintiff was especially requested by defendant to make more than a dozen visits, or that defendant was aware of all the visits charged; but defendant knew that plaintiff was visiting his family and made no objection.

The Court rendered judgment in favor of plaintiff for the sum of $400 and costs.

Defendant moved for a new trial, which was denied, and defendant appealed.

*H. H. Fellows*-and *B. F. Myres*, for Appellant.

*George Cadwallader*, of Counsel.

*First*—A physician, to maintain an action for professional visits to a patient, beyond those specially requested, must show some reasonable necessity for such additional visits. Here sixty-six visits are charged for, twelve only were requested, and there is no evidence whatever, that the others were necessary.

*Second*—A physician cannot maintain an action for his fees in this State. We have no statute on the subject. No surgical services were rendered, nor medicines furnished. (4 Term R. 317; 2 Camp. 441; 5 Sergeant & Rawles, 415.)

*Third*—Between two days or periods, does not include either. The items, therefore, of $5 and $30, should be rejected as irrelevant.

*Jo Hamilton*, Attorney-General, and *R. O. Cravens*, for Respondent.

*First*—When a physician undertakes to treat a patient, he undertakes to give him reasonable care and attention. If

he fails to do so, he becomes liable for any damage which may result from his negligence.

*Second*—The doctrine invoked by appellant in support of his second objection, has never failed in this country. On the contrary, it has been uniformly held that a physician may maintain an action for his fees. (*Judah* v. *McMamee*, 3 Blackford, 269; *Mooney* v. *Lloyd*, 5 Sergeant & Rawle, 416; 1 Dane's Abridgement and Digest, 619; *Hewett* v. *Wilcox*, 1 Met. 154; 2 Parson on Contracts and note and cases cited, 56.

*Third*—The third and last objection, if good at all, can only extend to a modification of the judgment. We insist, however, that the judgment should be affirmed as it stands. Time constituted no part of the consideration, nor was it a necessary ingredient. The averment is strictly in accord with the precedents. (1 Abbott's Pleadings, 205; 1 Estee's Pleadings, 373, *et seq.*; *Hughes* v. *Woosly*, 15 Mo. 402-3.)

TEMPLE, J., delivered the opinion of the Court:

The answer admits that defendant employed plaintiff as a physician, to attend and treat his wife and children. Having been thus employed, the plaintiff was the best and the proper judge of the necessity of frequent visits, and in the absence of proof to the contrary, the Court will presume that all the professional visits made were deemed necessary, and were properly made. It would be a dangerous doctrine for the sick to require a physician to be able to prove the necessity of each visit, before he can recover for his services. This is necessarily a matter of judgment, and one concerning which no one, save the attendant physician, can decide. It depends, not only upon the condition of the patient, but, in some degree, upon the course of treatment adopted.

The item of $30, which accrued on the 16th day of March, A.D. 1867, and the item of $5, which accrued on the 19th day of April, A.D. 1868, are not within the allegations of the complaint, and judgment was improperly entered for those sums. The judgment must be modified by deducting the amount of these two items.

Ordered that the judgment be modified by deducting therefrom the sum of $35, and the judgment thus modified is affirmed.