[L. A. No. 4054.   Department One.—December 20, 1917.]

# WILLIAM BRUCE, Respondent, v. WESTERN PIPE AND STEEL CO., Appellant.

NEGLIGENCE—MASTER AND SERVANT—ACTION FOR PERSONAL INJURIES—PLEADING—AMENDMENT TO CONFORM TO PROOF.—The superior court has discretion to allow the charge of negligence in the complaint to be amended at the close of the evidence to make it conform to the proof, where the amendment does not substantially change the nature of the original charge.

ID.—EVIDENCE—X-RAY PICTURE.—Admission in evidence of an X-ray picture of a normal foot for illustration, to enable the jury to compare the same with the condition of the plaintiff's foot after the injury, was not erroneous.

ID.—EXAMINATION OF WITNESS—LEADING QUESTIONS—DISCRETION OF COURT.—It is within the discretion of the court to allow leading questions, and is usually the proper way to conduct the preliminary stages of an examination.

ID.—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—EMPLOYERS' LIABILITY ACT OF 1911—GROSS NEGLIGENCE—FAILURE TO DEFINE.—In giving an instruction on the law of contributory negligence as qualified by the Employers' Liability Act (Stats. 1911, p. 796), allowing a deduction from damages where an injury is the result of combined negligence of employer and employee, and the negligence of the employee is slight and that of the employer gross in comparison, the court did not err in omitting a definition of "gross" negligence in the absence of a request for a more definite instruction.

ID.—INSTRUCTIONS—CHARGING ON MATTERS OF FACT.—Under section 19 of article VI of the constitution, providing that judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law, it is not error for the trial court to state to the jury that certain testimony has been given in the case, provided it states the same with accuracy and not in a manner to mislead the jury.

ID.—HIDDEN DEFECTS IN PLACE PROVIDED FOR WORK.—In an action by an employee against an employer for injuries sustained by the breaking of a rafter supporting boards on which the plaintiff stood while working, an instruction relating to the defendant's duty to exercise ordinary care to discover hidden defects in the rafter was not erroneous as being open to the objection that there was evidence that the defect was latent and not patent, when there was also evidence that the defect which caused the rafter to break was visible and patent, and not latent.

ID.—CONTRIBUTORY NEGLIGENCE — REPETITION OF INSTRUCTIONS NOT
REQUIRED.—Where the jury was correctly instructed by the court
of its own motion that under the Employers' Liability Act, the fact
that an employee's negligence contributed to his injury does not
exonerate the employer where the employee's negligence is slight and
that of the employer gross in comparison, and that in such case the
jury may diminish the damages in proportion to the amount of neg-
ligence attributable to the employee, it was not required to repeat
the same doctrine at the request of the defendant.

ID.—MASTER'S DUTY TO WARN SERVANTS.—An instruction requested
by the defendant that the master is under no duty of warning
or instructing a servant who has had ample opportunity to be-
come acquainted with the danger or has had prior experience, or
where the employment is not for a hazardous undertaking is prop-
erly refused, being too sweeping, and the term "hazardous undertak-
ing" being too indefinite.

ID.—REQUESTED INSTRUCTIONS ALREADY GIVEN.—There is no error in
refusing further repetitions of requested instructions which have
been repeatedly given.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Morton, Hollzer & Morton, Joe Crider, Jr., W. O. Morton,
Harry A. Hollzer, and Chas. E. Barrett, for Appellant.

C. Ibeson Sweet, and W. D. Van Nostran, for Respondent.

SHAW, J.—The defendant appeals from the judgment and
from an order denying its motion for a new trial.

The action was to recover damages for injuries alleged to
have been sustained by the plaintiff while in the service of
the defendant. The plaintiff was working for the defendant
in putting a wooden roof on a circular steel tank twenty-two
feet high and forty-two feet in diameter. At the time he
was injured the roof was so far constructed that there were
rafters two inches by six inches in size, and over twenty feet
long, extending from the edge of the tank to the center
thereof. In order to do the work it was necessary for him
to lay a board across two of these rafters and to stand on the

board thus supported. While so standing, one of the rafters supporting the board on which he was standing suddenly broke, and in consequence thereof he fell to the ground and was injured. The action was to recover the damages caused by the injuries so received.

Upon the trial, after the close of the evidence, the court allowed the plaintiff to file an amended complaint to conform to the proof. There was no error in this ruling. The cause of action was not essentially changed by the amendment. It is true that the previous pleading had charged that the defendant did not adopt the proper and safer method of doing the work in which plaintiff was engaged at the time of his injury, and that the amendment at the trial omits this charge. But the former pleading also alleged that it was necessary for plaintiff to stand on the board supported by said rafters, as aforesaid, and that defendant well knew that the rafters so placed were not sufficiently strong to support him while he was doing the work referred to, and that while he was so at work, supported thereon, one of them broke, whereby he fell and was injured. In substance this is the same charge as that contained in the amended complaint filed at the trial, and upon which the plaintiff bases his right to recover.

The plaintiff was allowed to introduce in evidence an X-ray picture of a normal foot, for illustration, and to enable the jury to compare the same with the condition of the plaintiff's foot after the injury. This was not error. The fact that the X-ray was taken in the absence of the defendant, or without his knowledge, does not of necessity affect the propriety of this evidence. It is not claimed that the picture of the normal foot was inaccurate.

It should not be necessary to remind attorneys that it is within the discretion of the court to allow leading questions. It is usually the proper way to conduct the examination until the attention of the witness is brought to the point to which he is expected to testify. It saves time and tends to make the testimony clearer. The allowance or exclusion of such questions rests almost entirely in the discretion of the trial court. It was not improper to allow the plaintiff to be asked the question: ''Did the foreman in charge warn you of any danger,'' when it was obvious that the answer would be in the negative. No abuse of discretion is shown by the record.

Objection is made to the giving of an instruction on the law of contributory negligence, as qualified by the Employers' Liability Act of 1911 (Stats. 1911, p. 796), allowing a deduction from the damages caused by an injury, where it is the result of the combined negligence of the employee and employer, and the negligence of the employee is slight and that of the employer gross in comparison, the complaint being that the court did not define the meaning of the term "gross negligence." The defendant was at liberty to offer instructions upon any subject upon which it desired to have the jury informed. It could have done so at the close of the instructions given, if the occasion required it. It did not request any additional instruction on the subject except that one of the instructions asked and refused stated that if the negligence of the defendant "was not gross—that is, great or palpable," the plaintiff could not recover. We cannot perceive that the addition of the words "great or palpable" would materially assist in the understanding of the meaning of the word "gross." The meaning of the latter is as well known and as definite and clear as the meaning of the words great and palpable. The defendant should have asked a more elaborate instruction on the subject if it desired the jury to have fuller information. We do not think the failure of the court to add these adjectives, in connection with the word "gross," is of sufficient importance to justify a reversal of the judgment, even if it were error.

It is not error for the trial court to state to the jury that certain testimony has been given in the case, provided it states the same with accuracy and not in a manner to mislead the jury. "Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." (Const., art. VI, sec. 19.) The instruction complained of did not misstate the testimony nor tend to mislead the jury in any respect.

The appellant complains of an instruction relating to its duty to exercise ordinary care to discover hidden defects in the rafters on which plaintiff was required to stand while at work. The ground of the objection is that the evidence disclosed that the defect was not latent but was patent. There was a knot in the rafter upon which the board on which the plaintiff was standing rested when the rafter broke. This knot was about midway of the length of the rafter from the

edge to the center of the tank. The plaintiff, before placing the board upon the rafter, observed this knot, called for a board one by eight inches in size and several feet long, for the purpose of strengthening the rafter, and nailed said board upon the rafter for that purpose, at the location where the knot was found. The plaintiff contends that this was the defect which caused the rafter to break, and that it was visible and patent, and not a latent defect. There is evidence, however, that the rafter did not break at the point where the knot was located, but that it broke at a point some two feet away from said knot, at which point the evidence does not show that any weakness was discovered by the plaintiff. The jury, therefore, might have found that the defect was latent, and the instruction was proper for their information as to the law on the subject. This observation applies to the complaints of the same character regarding other instructions upon the subject of latent defects.

The defendant excepted to the refusal of the court to give several instructions, to the effect that if the jury should find that the plaintiff was injured by reason of his own contributory negligence, the verdict should be for the defendant. Since the enactment of the Employers' Liability Act of 1911, above mentioned, the fact that employee's negligence contributed to his injury does not exonerate the employer, where the employee's negligence is slight and that of the employer gross in comparison. In such a case the jury may diminish the damages in proportion to the amount of negligence attributable to the employee. The court of its own motion correctly instructed the jury on this subject, and it was not required to repeat the same doctrine at the request of the defendant.

The court refused to give the following instruction asked by the defendant:

"The master is not under any duty to warn or instruct servants who have already enjoyed an ample opportunity to become acquainted with the danger, or where the servant has had prior experience, or where the employment is not for a hazardous undertaking. Servants are expected and required to keep their eyes open and exercise such reasonable care for their own safety as their situation permits. They are bound to use all their faculties of seeing and hearing, and are charged with what they might see, hear, or learn by the use of their senses of hearing or sight. The master is therefore

under no duty of warning or instructing a servant as to dangers which are discoverable by the exercise of ordinary care and the use of his faculties on his part, with such knowledge, experience, and judgment as he actually possesses or as the master is justified in believing he possesses.''

The language of this instruction is too broad and sweeping. The fact that a servant has had prior experience does not, in all cases, excuse the master from the duty of warning him of a danger which is known to the master at the time the servant is put to work in the particular place where he is injured; nor can it be said, as matter of law, that the master is absolved from such duty in all cases where "the employment is not for a hazardous undertaking.'' The term "hazardous undertaking'' is too indefinite. There may be employments or undertakings which in ordinary parlance would not be called hazardous, but where it is nevertheless the duty of the master to warn the servant of such dangers as there may be in the surroundings. The jury were fully instructed by the court that it was the duty of the plaintiff to use ordinary care for his own protection while engaged in the work. The instruction was properly refused.

We have already stated that the plaintiff himself strengthened the rafter at the knot, and that there was evidence that the rafter did not break at that place, but at another place where there was no proof that any weakness was discovered. With reference to the knot, the court instructed the jury that if they should find that plaintiff, upon discovering the knot, attempted to make the rafter safe by nailing the board alongside of it, and that the injury occurred because of the weakness at that point, and because of his failure to reinforce it sufficiently, the plaintiff could not recover. The defendant asked several instructions, numbered respectively 13, 14, 15, and 17, which were refused, based upon the theory that the rafter broke at the knot, instead of at the other place, and to the effect that plaintiff could not recover if the jury found such to be the fact. The instruction given by the court on the subject was clear and covered all the points presented in the instructions asked and refused on this subject.

The instructions last mentioned, and some others which the court refused, dwell at length upon the duty of the plaintiff to exercise ordinary care for his own protection while engaged in his work, and that for that purpose he must use

his natural faculties. The instructions given stated this duty repeatedly, and there was no error in refusing further repetitions at the request of the defendant.

The appellant claims that the evidence was insufficient to justify the verdict. We need not discuss this question in detail. It is sufficient to say that an examination of the defendant's brief in connection with the evidence in the record satisfies us that there was enough evidence to support the verdict.

The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.