[Civ. No. 5226. Second Appellate District, Division Two.—June 14, 1926.]

LOS ANGELES CITY HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY, Respondent, v. ANNA MARIE BEATRICE SCHUMANN et al., Appellants.

[1] EMINENT DOMAIN—INSTRUCTIONS—MARKET VALUE OF PROPERTY—BURDEN OF PROOF.—In an action in eminent domain to condemn property for school purposes, an instruction that the burden of proof as to market value is on the defendants and that it is incumbent upon the defendants to prove "to your satisfaction by a preponderance of the evidence" what was the market value of the property on the date in question, merely means that the jury must be satisfied that the defendants proved the market value of the property by a proponderance of the evidence, and such instruction correctly states the law.

---

1. See 10 Cal. Jur. 357.

[2] Id.—Failure to Give Instruction—Waiver.—In such action, prejudicial error may not be predicated upon the failure of the trial court to define "preponderance of evidence," where no instruction upon that subject is requested.

[3] Id.—Expert Witnesses—Foundation for Opinion.—In such an action, an instruction that questions and answers relating to the knowledge of witnesses as to sales of similar property, in the same vicinity, should not be taken as evidence of the actual market value of any of the property in question, but solely for the purpose of determining how well qualified the particular witness may have been to give his opinion as to the market value of the property, that the opinion of a witness is no better than the reasons upon which such opinion is based, and that in determining the weight to be given to the testimony of any witness who has given his opinion as to the market value of the property, the jury may consider his knowledge of sales of similar property in the vicinity, his knowledge of the prices at which such property has been quoted in good faith by the various owners thereof in an effort to sell the same in the open market, his knowledge of the nature, surroundings, advantages, and disadvantages of the property and any other fact or circumstances that would tend to establish the familiarity of the witness with such property and with its actual market value on the date in question, is a mere statement of an incontestable truth, equally applicable to the evidence given by experts on both sides, and while such instruction may be unnecessary, it can never be harmful.

[4] Id.—Value of Property—Rejection of Expert Testimony.—In such action it is not error to instruct the jury that they are not bound to accept the opinion of any witness as to the market value of any of these properties, but must determine the fact for themselves and in so doing it is their province to weigh the testimony of each witness who has expressed such an opinion with reference to all the circumstances surrounding not only the property itself, but the witness' familiarity with such property, and that they may "reject" the testimony of any witness who has expressed such an opinion if it appears satisfactorily that such opinion is not based upon such a thorough knowledge of all the facts and circumstances relating to the property itself as to enable the witness to express a true opinion as to its market value. (On petition for hearing by supreme court, approval withheld.)

[5] Id.—Erroneous Rulings — Appeal — Insufficient Briefs. — The appellate court will not search the record for asserted erroneous rulings of the trial court in sustaining objections to questions by

2. See 24 **Cal. Jur.** 824.
5. See 2 **Cal. Jur.** 727.

which it was sought to show a given fact, where the attention of the appellate court is not directed to any part of the record where such an effort was made.

(1) 20 **C. J.**, p. 1017, n. 74; 38 **Cyc.**, p. 1753, n. 46. (2) 3 **C. J.**, p. 857, n. 42; 38 **Cyc.**, p. 1686, n. 65. (3) 38 **Cyc.**, p. 1653, n. 11 New. (4) 20 **C. J.**, p. 1017, n. 74. (5) 3 **C. J.**, p. 1413, n. 56; 20 **C. J.**, p. 982, n. 43.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliot Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

George H. Moore for Appellants.

Edward T. Bishop, County Counsel, and J. F. Moroney and Arthur T. George, Deputies County Counsel, for Respondent.

CRAIG, J.—By the filing of a complaint in the usual form the respondent began an action in eminent domain to condemn certain property of appellants for school purposes. The answer presented the value of the property as the sole issue. A trial was had before a jury. Beside the defendants a number of expert witnesses testified for each side. A verdict was rendered and judgment was entered accordingly, from which judgment this appeal is taken.

[1] The principal ground of appeal presented is that certain instructions given are said to be erroneous. Of these instructions No. 7 is the center of attack. It reads:

"The burden of proof as to market value is on the defendants. That is, it is incumbent upon the defendants to prove to your satisfaction by a preponderance of the evidence what was the market value of the property the plaintiff is condemning, on November 2nd, 1923."

The appellants insist that the use of the words "to your satisfaction" renders the instruction incorrect, in that it is claimed this statement is inconsistent with the proposition that the defendant is only required to produce so much proof as amounts to a preponderance of the evidence. In *Lawrence* v. *Goodwill*, 44 Cal. App. 440 [186 Pac. 781], an instruction was reviewed which the court held to be partly correct. However, this statement is contained in the in-

struction: "By a preponderance of evidence is not necessarily meant a greater number of witnesses, but if the plaintiff has proven the material allegations of the complaint by such evidence as satisfies and produces conviction in the minds of the jury, then he may be said to have proven his case by a preponderance of evidence." It was said that this direction to the jury might fairly be construed to mean "that the jury must be satisfied . . . not that the truth was on the side of the party holding the laboring oar, but that the greater weight of evidence was on his side." This the opinion indicates would be a correct statement of the law, and this is what the trial court in the instant case informed the jury to be the rule which it must follow.

We think appellants have misunderstood the instruction. It means nothing more than that the jury must be satisfied that the defendant proved the market value of the property by a preponderance of the evidence. It is difficult to conceive how the idea can be entertained that by the language of the instruction "to your satisfaction by a preponderance of the evidence" more than one standard of proof was stated, or that by the words "to your satisfaction," used in the context, the impression could be conveyed that the words last quoted have anything to do with the definition of, or any limitation upon, the words "by a preponderance of the evidence." Clearly the statement in question requires the defendant to sustain the burden of proof by a preponderance of the evidence, and informs the jury that it must be satisfied that the defendant has done this. The jury is told that it must be satisfied that the defendant has produced a preponderance of the evidence to prove market value, as the law requires.

The cases cited by appellant upon this point chiefly discuss the definition of preponderance of the evidence. Yet, in so far as instruction No. 7 is concerned, that subject is in no way involved. This is true of *Estate of Ross,* 179 Cal. 629 [178 Pac. 510], and also *People* v. *Miller,* 171 Cal. 649 [154 Pac. 468]. In the latter case the instruction held to be erroneous incorrectly defined preponderance of the evidence as in substance the same thing as proof beyond a reasonable doubt. Appellants cite *Galloway* v. *United Railroads,* 51 Cal. App. 575 [197 Pac. 663], as condemning the use of the term "to your satisfaction." A careful inspection of

this opinion shows that the contrary is true.  The offending instruction read: "Before you can render a verdict against the defendant the evidence must satisfy your minds to a moral certainty and by a preponderance of the whole evidence."  The criticism of this instruction was, not that it used the words "to your satisfaction," but that it required that the jury should be satisfied *to a moral certainty.* Throughout the opinion the fact that the jury must be *satisfied* is impliedly accepted as the law.  The instruction gave two conflicting rules.  It informed the jury that they must be satisfied to a moral certainty, and again that they must be satisfied by a preponderance of the evidence.  And the court indicates that the vice of the instruction is in announcing the first rule and that it is impossible to determine which of the conflicting rules presented to the jury was followed by it.  The necessary inference is that an instruction that the jury must be satisfied by a preponderance of the evidence would be the correct rule.

Counsel for appellants also direct our attention to the decision of the district court of appeal upon the second appeal of this case, reported at 69 Cal. App. 770 [232 Pac. 491].  We are informed that the instruction, "Before you can render a verdict against the defendant the evidence must satisfy your minds by a preponderance thereof . . . that the act of the motorman was not done in lawful defense of his own person," was held to be erroneous.  This is true, but the opinion contains no mention of the propriety of the use of the word "satisfy."  A most casual reading of the court's comments upon the instruction in question shows that the error consisted of the fact that by it the jury were instructed that the burden of proof was upon the plaintiff to show negatively that the motorman had not acted in the lawful defense of his own person, and while the same instruction contained a contrary statement, the court says it cannot be determined upon which theory the jury acted, and hence that the conflict was prejudicial.

This proposition is entirely different from that announced in *Dowd* v. *Atlas Taxicab Co.,* 69 Cal. App. 9 [230 Pac. 958], where the jury was informed that the fact that the plaintiffs were without fault must appear "to your satisfaction." Nothing was said about "preponderance of the evidence," or "to a moral certainty," or "beyond a reasonable doubt."

The fact was required to be established to the jury's satisfaction. Of course, this is not a correct rule. In fact, it leaves the jury without any definite standard; for one juror might be satisfied by a preponderance of the evidence, another by proof beyond a reasonable doubt, and still another without any substantial evidence. It is noteworthy that although the court called attention to two erroneous instructions of which no complaint had been made by appellant, it passed without criticism the language in instruction No. 16, stating that before the plaintiff could recover "it must appear to your satisfaction by a preponderance of the evidence" that the defendant had been guilty of some negligence. Instruction No. 16 was held erroneous because of other language; but as to the part above quoted it was passed without criticism.

In the instant case by instruction No. 7 the jury were not instructed that they must be satisfied that the truth was as asserted by appellants, but only that they must be satisfied that the greater weight of the evidence, its preponderance, was on their side.

[2] The court did not define "preponderance of the evidence," but since no instruction upon that subject was requested by appellants, no error was committed in the omission. The same is true of other criticisms made by appellants, such as that the jury were not instructed that they must decide the issue upon the evidence presented. Appellants asked no such instruction, and so cannot complain that none was given.

Also we are urged to reverse the judgment because, it is claimed, that the court erroneously instructed the jury upon matters of fact. Three instructions are cited in this behalf. They are Nos. 12, 9, and 14. [3] No. 12 reads as follows:

"Certain witnesses in this case were questioned as to their knowledge of sales of property similar to that involved in this suit, in the same vicinity, quoted by the owners to real estate men and others. These questions and answers given by the witnesses in response thereto should not be taken by you as evidence of the actual market value of any of the property in question, but solely for the purpose of determining how well qualified the particular witness may have been to give his opinion as to the market value of the property in question. The opinion of a witness is no better

than the reasons upon which such opinion is based and when a witness gives an opinion as to the market value of the property, it is pertinent to ascertain the extent of his investigation into every matter that would be a legitimate subject of inquiry by anyone desiring to purchase the property in question. Therefore, in determining the weight to be given by you to the testimony of any witness who in this case has given his opinion as to the market value of any of the property in question, you may consider as legitimately bearing upon his ability to form an accurate opinion as to its market value, his knowledge of sales of similar property in the vicinity of the property involved in this suit, his knowledge of the prices at which such property has been quoted in good faith by the various owners thereof in an effort to sell the same in the open market, his knowledge of the nature, surroundings, advantages and disadvantages of the property, and any other fact or circumstances that would tend to establish the familiarity of the witness with such property and with its actual market value on November 2, 1923.''

We are informed that this instruction does not contain a single proposition of law, but is no more and no less than a pure argument to the jury. Especially objection is made to the sentence beginning, ''The opinion of a witness,'' and to the one commencing, ''Therefore, in determining the weight.'' The first sentence in the instruction embodies the statement of a well-recognized rule which it is highly important that the juries should heed in considering expert evidence in condemnation cases, and without which confusion as to the purpose of permitting testimony concerning sales of similar property and legal limitations placed upon the use of such testimony might well result. The sentence beginning, ''Therefore, in determining the weight,'' is really a restatement of the same rule. Though somewhat argumentative in form, the last sentence neither invades the province of the jury nor contains any incorrect statement of the law. The sentence beginning, ''The opinion of a witness,'' gives a logical reason for the rule previously stated. It may be unnecessary to inform the jury as to the foundation for legal principles, but such an instruction can never be harmful where it contains no reference to any witness and singles out no testimony, but is a mere statement of an in-

contestable truth equally applicable to the evidence given by experts on both sides. We find no error in instruction No. 14.

[4] The court gave the following instruction numbered 9: "You are not bound to accept the opinion of any witness as to the market value of any of these properties, but must determine the fact for yourselves and in so doing it is your province to weigh the testimony of each witness who has expressed such an opinion with reference to all the circumstances surrounding not only the property itself, but the witness' familiarity with such property, and to determine from all such circumstances how well qualified the witness may be to express a true opinion of its market value, and you may, in your discretion, reject the testimony of any witness who has expressed such an opinion if it appears satisfactorily to you that such opinion is not based upon such a thorough knowledge of all the facts and circumstances relating to the property itself as to enable him to express a true opinion as to its market value."

The objection made to this instruction is that it informs the jury that they may "reject" the testimony of any expert as to his opinion. *Hirshfield* v. *Dana,* 193 Cal. 142 [223 Pac. 451], is cited as authority for appellant's stand in this regard. While it is true that the supreme court in its opinion in that case said that the phrase "you are at liberty to reject it," referring to expert testimony and informing the jury that they might "disregard it" was "lacking in accuracy" as used in the particular part of the instruction in which it was contained, the following instruction was conceded to be correct: "1. (a) The opinions of expert witnesses are entitled to such weight as you deem proper to give them. You may accept or *reject such opinions* as you may accept as true, or reject as false, any other facts in the case." It is unnecessary to quote the entire instruction first above mentioned which the court had under consideration in that case, but it is sufficient to say that both from a reading of the instruction itself and the comments of the court upon it the conclusion must follow that the language quoted by appellants and which is termed by the opinion as inaccurate was regarded as erroneous because of its context. Among a number of incorrect statements the instruction informed the jury that the testimony of experts was merely

advisory. The opinion says: "The expression 'merely advisory' is not a correct description of the respective functions of the jury and the expert. Their respective functions are entirely independent. When the instruction is analyzed and considered, apart from other instructions, it is open to the objection that it may detract from the effect of expert evidence, in that it might lead the jury to believe it was optional with them whether to weigh such testimony as they would that of any other class of witnesses."

But in the instruction given in the instant case the jury were not informed that they could arbitrarily reject the opinions expressed by experts, but in effect that they might do so if they believed that the circumstances shown were such that the opinions given were not based upon such knowledge of the facts as would enable the witnesses to express a true opinion with reference to market value.

[5] We are told that the trial court sustained objections to questions by which it was sought to show that there was no other property in the vicinity of the same size or character as that involved in this action. However, our attention is not directed to any part of the record where such an effort was made. The rights of the many other litigants whose appeals insistently demand our attention prevent us, regardless of our inclination, from assuming counsel's burden of time-consuming labor involved in searching the record for the rulings which are asserted to exist.

The contention that the burden of proof as to valuation is not legally upon the defendant in a condemnation suit might be worthy of serious consideration if it presented a new question. However, the cases referred to by appellants, *Monterey County* v. *Cushing*, 83 Cal. 507 [23 Pac. 700], *San Diego L. Co.* v. *Neale*, 88 Cal. 50 [11 L. R. A. 604, 25 Pac. 977], and *Read Orchard Co.* v. *Superior Court*, 19 Cal. App. 648 [128 Pac. 9, 18], determine the matter adversely to their claim.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 12, 1926, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing herein is denied. In denying such petition we withhold our approval from that portion of instruction numbered 9, reading: "and you may, in your discretion, reject the testimony of any witness who has expressed such an opinion if it appears satisfactorily to you that such opinion is not based upon such a thorough knowledge of all the facts and circumstances relating to the property itself as to enable him to express a true opinion as to its market value." We do not, however, deem the above portion of the instruction, when read in the light of the other instructions given by the court, to be sufficiently prejudicial to justify a reversal of the case.