[Civ. No. 7581.   First Appellate District, Division One.—September 30, 1931.]

JUNE ALMA NEUDECK, a Minor, etc., Appellant, v. H. VESTAL, Respondent.

G. H. NEUDECK, Appellant, v. H. VESTAL, Respondent.

Gillis & Edwards for Appellants.

J. E. Rodgers and A. F. Bray for Respondent.

THE COURT.—On June 16, 1927, June A. Neudeck, a minor, fell and broke her right arm. The child was immediately taken to a hospital, and defendant, a duly licensed physician, was called to treat her. An X-ray photograph was made and the bone set, following which the arm was placed in a plaster cast. Defendant continued to treat the child until July 1, 1927, when he was discharged.

Two actions were filed against him, one by the minor, through her guardian, for damages caused by his alleged negligence in treating the arm, and the other by the child's father to recover the expenses subsequently incurred for medical services which the alleged negligence made necessary. The actions were tried together by a jury, which returned a verdict for the defendant in each case, and appeals were taken by the plaintiffs from the judgments entered thereon. As grounds therefor it is contended that the trial court at defendant's request gave certain instructions which were prejudicially erroneous.

Two of the instructions complained of were as follows: "You are instructed that a physician or surgeon en-

titled to practice his profession, possessing the requisite qualifications and applying his skill and judgment with due care, in making a diagnosis, in prescribing treatment or in determining upon an operation, where there is reasonable doubt as to the nature of the physical condition involved, or as to what should be done in accordance with recognized authority and good current practice, is not liable for damages consequent upon an honest mistake or error of judgment.''

''You are instructed that where a physician possesses and exercises the requisite degree of care and skill that is possessed and used by physicians practicing in the same or similar localities, he is not responsible for a mistake or error of judgment.''

These instructions state substantially the obligations of physicians and surgeons as held by the courts of this jurisdiction, and were properly given (*Hesler* v. *California Hospital Co.,* 178 Cal. 764 [174 Pac. 654]; *Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128]; *Johns* v. *Pond,* 38 Cal. App. 643 [177 Pac. 293]).

The following instruction was also given: ''You are instructed that the physician is the sole judge of the frequency and necessity of his calls on the patient, and this is determined by the condition of the patient.''

The complaint alleged that the defendant negligently allowed the cast to remain on the child's arm for several days, during which time the arm became swollen; that as a result the cast exerted such pressure as to hinder the circulation of the blood, thereby causing the arm to be permanently injured. There was no allegation or claim that defendant neglected to visit the child at proper times; and the evidence shows without dispute that he either called or that the child was taken to his office for treatment daily until the date of his discharge.

It has been held in actions to recover for medical services that a physician employed to attend a patient is the best and proper judge of the necessity of frequent visits; and in the absence of proof to the contrary the court will presume that all visits were necessary and properly made (*Todd* v. *Myres,* 40 Cal. 355). But where the action is for harmful neglect we find no authority for holding the physician is the sole judge of the frequency and necessity of his

visits, the rule being that a physician is not chargeable with neglect in allowing intervals to elapse between his visits where the patient needs no attention during the intervals, but he is negligent in doing so where attention is needed (48 Cor. Jur., Physicians and Surgeons, sec. 117, p. 1130); and the question as to the attention needed depends upon the custom or practice of reputable physicians in that locality in the treatment of such injuries (*Hesler* v. *California Hospital Co., supra; Tomer* v. *Aiken,* 126 Iowa, 114 [101 N. W. 769]; *Sinclair* v. *Brunson,* 212 Mich. 387. [12 A. L. R. 593, 180 N. W. 358]).

Considering the fact that there was no claim that defendant's visits were not sufficiently frequent, but only that he neglected to give the child proper treatment while in attendance, we are unable to see how the instruction could have prejudiced appellants' cause.

■ Appellants further complain of two instructions by which the jury was told in substance that negligence must appear by clear and satisfactory evidence, mere conjecture, surmise or suspicion not being sufficient; that, if the evidence was such that they could not conclude that negligence had been satisfactorily shown, their verdict must be for the defendant.

■ Instructions that the proof must be clear, that a fact must be established to the satisfaction of the jury, and similar expressions have been frequently criticised by the courts of this state (*Lawrence* v. *Goodwill,* 44 Cal. App. 440 [186 Pac. 781]; *Boa* v. *San Francisco-Oakland Terminal Rys.,* 182 Cal. 93 [187 Pac. 2]; *Fidelity & Casualty Co.* v. *Paraffine Paint Co.,* 188 Cal. 184 [204 Pac. 1076]), it being the rule that when evidence is contradictory the decision must be made according to the preponderance of the evidence (Code Civ. Proc., sec. 2061, subd. 5), and no higher degree of proof is required (*Ellis* v. *Central Cal. Traction Co.,* 37 Cal. App. 390 [174 Pac. 407]); but where it is apparent that the words are used by the court in a sense synonymous with the word "preponderance", they are unobjectionable (*Boa* v. *San Francisco-Oakland Terminal Rys., supra; De La Torre* v. *Johnson,* 203 Cal. 374 [264 Pac. 485]; *Kruse* v. *White Brothers,* 81 Cal. App. 86 [253 Pac. 178]).

■ Preceding the instructions complained of the jury was instructed at appellants' request that in a civil action

the plaintiff is entitled to a verdict whenever the evidence preponderates in his favor, no matter how slight such preponderance may be; and while there was no instruction defining the meaning of the term "preponderance", there was no request for such an instruction by any of the parties; and, as held in the following cases, in the absence of a request a failure to define the term cannot be taken advantage of on appeal: *Hardy* v. *Schirmer,* 163 Cal. 272 [124 Pac. 993]; *Los Angeles City etc. School Dist.* v. *Schumann,* 78 Cal. App. 353 [248 Pac. 737]; *Putnam* v. *Pickwick Stages,* 98 Cal. App. 268 [276 Pac. 1055]. It is evident from the charge of the court taken as a whole that the words criticised were used in the above sense, and there is no reason to conclude that the jurors were misled thereby.

To justify the reversal of a judgment for any error in a matter of procedure it must appear that the error complained of resulted in a miscarriage of justice; and while the evidence on the issue of negligence was conflicting, yet after an examination of the entire cause including the evidence, we are of the opinion that no error has been shown which justifies the conclusion that the same resulted in a miscarriage of justice.

The judgments are affirmed.