[Civ. No. 4361. Third Appellate District.—November 20, 1931.]

G. RAMOS, Appellant, v. SERVICE BROTHERS (a Co-partnership) et al., Respondents.

Cooley & Crowley, Hugh K. Landram and Lasher B. Gallagher for Appellant.

Hawkins & Hawkins for Respondents.

TUTTLE, J., *pro tem.*—This is an action brought to recover damages on account of personal injuries alleged to have been inflicted upon plaintiff through the negligence of defendants. After trial by jury, a verdict was returned in favor of defendants. This appeal is taken from the judgment entered upon the verdict.

Respondent Clendenen was the driver of a truck belonging to respondent Service Brothers. Upon the day of the accident, the latter were engaged in hauling material to be used in road construction in Stanislaus County. The driver had procured a load of material, and had hauled it to the scene of the occurrence, where it was his duty to unload it by dumping. The said driver stopped about fifty feet from the place of deposit, and waited for a signal to back and unload. This signal was given him, and he proceeded to back, at the rate of about a mile an hour. He heard a cry, and stopped immediately. Upon investigation, he found plaintiff lying upon the ground near the rear of the truck, with his foot crushed. According to plaintiff, there was some oil on the road, under a disabled truck, which was standing in the highway. "I was trying to clean up under the truck," he testified. "I put the broom underneath the truck and pulled the stuff out toward me. I was in the act of doing that when the truck backed into me." The exhaust of the truck made a loud noise when it started

back. Plaintiff was an experienced road worker, and knew that this truck would back to dump its load. The driver was unable to see Ramos from his cab, and he did not see him working under his truck, or around it. He kept his eyes upon the signal man, who stood some distance to his rear.

A reversal is sought upon error in giving the following instructions:

"I.

"You are not bound to decide in accordance with the testimony of any number of witnesses which does not produce conviction in your minds, against a less number. The direct evidence of any witness who is entitled to full credit is sufficient for proof of any fact in a civil case.

"II.

"One of the questions for you to determine is the question of negligence, and this question you are to resolve upon a consideration of all the facts and evidence in the case. Negligence is the omission to do something which an ordinarily prudent person would have done under the circumstances; or doing something which such a person would not have done in the same situation. It is not absolute or intrinsic but always relates to some circumstance of time, place or person. A negligent act or omission must have contributed directly to the injury, otherwise no action for damages can be founded upon it.

"III.

"One who works at a dangerous vocation, or one who voluntarily places himself in a position of danger, cannot close his eyes to such danger or momentarily forget a known danger, but is required to exercise a *quantum* of care that is commensurate with such danger as may be known to him. And if he momentarily forgets such known danger or closes his eyes to such danger, and is thereby injured, and the proximate cause of his injury is his forgetfulness of such danger, or his failure to make reasonable use of his faculties under such circumstances, he cannot recover for the injury.

"IV.

"If you believe from the evidence in this case that plaintiff Ramos was negligent at or just prior to the accident in question, and his negligence contributed to his injuries, then he cannot recover from defendants.

## "V.

"And one who uses an instrumentality which is likely to cause injury to others is entitled to rely upon such other persons making a reasonable use of their faculties of sight and hearing in order to avoid danger, until it is apparent that they are not doing so. He may rely upon the presumption that others will exercise ordinary care, and that they will see things which might be seen by the exercise of ordinary care.

## "VI.

"A party is said to be contributorily negligent when a negligent act on his part concurs with a negligent act upon the part of the defendant in producing the injury.

## "VII.

"If you believe from the evidence that the accident here in question and the resultant injuries to the plaintiff were caused by reason of the negligence on the part of the flagman in the employ of the Valley Paving Company, then your verdict should be in favor of the defendant.

## "VIII.

"If you believe from the evidence that at the time of the accident in question and the resultant injuries to plaintiff therefrom, the plaintiff was the servant of the Valley Paving Company and the Valley Paving Company had on said work at said time and place a flagman whose duty it was to direct the driver of the trucks hauling material when to back and when to stop, and if you further believe from the evidence that the Valley Paving Company hired from the defendant Service Brothers the truck in question, together with a driver and at the time and place in question the driver was under the orders and control of the Valley Paving Company as to where and when to go and what to do, and the flagman gave orders to the driver of the truck to back and the driver of the truck carried out those orders; and if you further believe from the evidence that the flagman was in a position to observe and see the plaintiff and that the plaintiff was in a position of peril and it was his duty to give orders to the truck driver to stop the truck and he did not do so, and if you further believe that it was the want of ordinary care on the part of the flagman that proximately caused the accident and the resultant injuries

to the plaintiff, then I charge you that your verdict must be in favor of the defendant."

As to the first instruction, it is claimed that no instruction was given which defined "preponderance of evidence", and, therefore, the language "produce conviction" was misleading. The instruction follows literally the language of section 2061 of the Code of Civil Procedure. It does not purport to define "preponderance of evidence". If such a definition was desired by plaintiff, he should have submitted it to the court in an instruction. It must be presumed that, prior to the giving of any testimony, this instruction was served upon plaintiff. (Sec. 607a, Code Civ. Proc.)

The second instruction is attacked because of the use of the word "directly" in the last sentence thereof, instead of "proximately". It has been decided that these words are almost identical, and that it was not reasonable to suppose that the jury would perceive any difference between them. (*Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393].) Furthermore, the court instructed the jury elsewhere . that if the plaintiff was injured as a *proximate* result of the carelessness and negligence of the driver, he was entitled to a verdict.

It is next contended that the third instruction is erroneous, in that momentary forgetfulness of the danger, if found by the jury to have been the proximate cause of the injury, would preclude recovery by plaintiff. In support of this contention, appellant cites *Smith* v. *Southern Pac. Co.*, 201 Cal. 57 [255 Pac. 500, 505]. In that case it was held that it was not negligence, as a matter of law, for plaintiff to fail to recollect the practice of the defendant in stopping its trains at a certain place. As authority the court quotes the following from *Meindersee* v. *Meyers*, 188 Cal. 498 [205 Pac. 1078] : "Forgetfulness of a known danger will not always operate to prevent such recovery, for to forget is not negligence unless it shows a want of ordinary care." This statement was taken from *Giraudi* v. *Electric Imp. Co.*, 107 Cal. 120 [48 Am. St. Rep. 114, 28 L. R. A. 596, 40 Pac. 108, 110], where the rule was first laid down upon this subject. The court there used the following language: "It is said that, if one was aware of a fact which should have put him upon his guard, he cannot

438

rebut the presumption of contributory negligence by showing he momentarily forgot it. *This is true as a general proposition, but, like all other rules upon this subject, it must have a reasonable construction."* Then follows the statement which was used by the court in *Smith* v. *Southern Pac. Co., supra.* We believe that, under certain circumstances, to forget is negligence as a matter of law. These are cases where the danger from the act momentarily forgotten is at once obvious and apparent. One cannot lie deliberately down upon a railroad track, and plead that he momentarily forgot the danger of such an act. Neither can he, as in this case, deliberately remain in or step into the path of a truck, which he knew was about to move, and plead momentary forgetfulness of the danger. In these cases, there is no legal excuse for forgetting. The instruction attacked, under the circumstances of the case, was a proper one.

The fourth instruction is questioned because it omits the question of proximate causal connection between negligence and injury. An examination of the record discloses that this question was fully covered in other instructions.

The fifth instruction is attacked upon the ground that the jury are told that the driver was not required to use ordinary care and vigilance. We do not so construe it. It simply states that the driver had the right to assume that plaintiff would use ordinary care. The jury were elsewhere instructed in the language of California Vehicle Act, section 130 (Stats. 1925, p. 412, sec. 15a), that it was the duty of the driver before starting the truck to himself see that such movement could be made in safety, and that if he did not comply with this provision he was guilty of negligence. We cannot see how the jury could have been misled by this instruction.

Instruction six is attacked because negligence is not there defined. We find it was fully defined elsewhere.

Instruction seven is questioned because it assumes, as a fact, that a flagman was guilty of negligence. There is absolutely no ground for that assumption. It is complained that the instruction does not mention negligence upon the part of the driver. There is no reason why it should. If the negligence of a third party caused the injury, certainly defendant could not be held responsible. It

is true that the instruction does not state that the negligence must be the proximate cause of the injury, but the jury were elsewhere told that a negligent act must have contributed directly to the injury, otherwise no action for damages could be founded upon it.

Objections to the last instructions do not require any extended discussion. They are specious in character.

An examination of the entire record discloses that the jury were fairly and fully instructed upon all the issues of the case. If appellant had read the instructions as a whole, instead of taking them piecemeal, it is very doubtful if the appeal would have been prosecuted at all.

The record is free from error, and accordingly the judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 19, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1932.