## Kniffley v. Reid et al.

June 10, 1941.

Joseph W. Cambron for appellant.

Gavin H. Cochran, Hal O. Williams and S. J. Stallings for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming in part and reversing in part.

This appeal has been prosecuted from a judgment entered on a directed verdict in favor of the appellees, defendants below, Mayme Reid and the city of Louisville.

. The evidence for appellant was in conformity with the averments of her petition and was in substance as follows: That on the 30th day of August, 1937, the appellant, a pedestrian, was traveling on the sidewalk adjacent to and in front of the property of appellee, Mayme Reid, in the city of Louisville. When she stepped on the iron cap or covering of a coal chute situate in said sidewalk, the cap tilted causing her to fall into the chute, as a result of which she received certain injuries. The defect causing the covering to tilt could not be discovered by mere observation and appellant did not know that it was defective or dangerous. Several witnesses testified that at the time of the accident and a short time thereafter Mrs. Reid made statements to the effect that the covering of the coal chute had been "awfully bad ever since the flood" and that she had intended to fix it but did not get to it. There was no evidence that the defendant city had any notice of the defective condition or that it could, by the exercise of ordinary care, have discovered it. No witness testified as to the nature of the defect in the covering, nor was there any verbal testimony other than the admissions of Mrs. Reid that the covering was defective.

It is contended by appellant that the evidence of the admissions of Mrs. Reid coupled with the testimony of appellant herself as to the occurrence of the accident constituted a prima facie case against both the city of Louisville and the property owner. We cannot agree with that contention insofar as it is applicable to the city of Louisville. There was no evidence that the city had any notice of the condition complained of nor was there any evidence that it could have discovered such condition by the exercise of ordinary care. On the contrary, the

appellant herself testified that there was nothing about the appearance of the covering or chute to indicate that either was in a defective condition.

The city is not an insurer of the safety of pedestrians using its sidewalks and is not charged with knowledge of the existence of a latent defect, though the defect may have existed for a long period of time, unless it be proven that the city had actual knowledge of same or by the exercise of ordinary care could have obtained such knowledge. Cundiff v. City of Owensboro, 193 Ky. 168, 235 S. W. 15. We therefore are of the opinion that the trial court properly instructed the jury to find a verdict in favor of the city of Louisville.

The case against Mrs. Reid presents an entirely different situation. The coal chute had been placed in the sidewalk for the exclusive use of the building by Mrs. Reid's father, her predecessor in title, about 35 years before the happening of the accident and although it had not been in use for many years, she had acquired by succession a servitude in the sidewalk and by permitting the coal chute and its covering to remain in the sidewalk she continued the right which she had thus acquired. It was therefore her duty to exercise ordinary care to maintain the coal chute and its covering in a condition reasonably safe for pedestrians using the sidewalk, and, if she had notice that said chute and its covering were, or either of them was, in a defective condition and had had such knowledge for a period of time sufficient to have enabled her, in the exercise of ordinary care, to have repaired it, it was her duty to do so, and if she failed in such duty and the defective condition caused the accident complained of, she is liable to the appellant for the resulting damages. Jefferson Dry Goods Co. v. Dale, 257 Ky. 501, 78 S. W. (2d) 305.

It is argued by counsel for Mrs. Reid that the evidence fails to show that Mrs. Reid had notice of the defective condition of the covering and her description of the place as being ''bad'' was not sufficient to describe the condition as being defective. But with this contention we do not agree. The word ''bad'' is universally defined and used as defective, faulty, inferior, or imperfect. Certainly if she had said that the iron covering was defective, or faulty, or inferior, or imperfect, it would have been sufficient to meet the objection raised by counsel as admitted in his brief. The word ''bad'' is

synonymous with each of the aforesaid words and is no less definite in its meaning than either of them. It was not necessary for appellant to prove the exact mechanical defect which caused the cap to tilt when stepped on. It was sufficient to show that it did tilt in the manner complained of, because it would not have tilted in the manner described had it been maintained in a condition reasonably safe for the traveling public.

The evidence for the plaintiff presents a case against the appellee Reid in which the doctrine of res ipsa loquitur may be applied. That doctrine is that where a thing which causes the injury is shown to be under the management or control of the defendant, and the accident is such as in the ordinary course of things does not happen, the mere proof of the happening of the accident affords sufficient evidence of negligence on the part of the person in whom is vested such control, unless it be proven by the defendant that the accident was attributable to causes over which he had not control. Paducah Traction Co. v. Baker, 130 Ky. 368, 113 S. W. 449, 18 L. R. A., N. S., 1185. The presumption of negligence raised by the happening of the accident in cases wherein the res ipsa loquitur doctrine is applicable is materially strengthened by evidence that the defendant in whom vested the control of the instrumentality causing the injury had notice of such defect. In this case the evidence was sufficient to entitle the appellant to have the merits of her case against Mrs. Reid passed upon by the jury and to the extent that the judgment of the trial court held otherwise, it is reversed, but insofar as it dismissed appellant's petition against the city of Louisville, it is affirmed.