[L. A. No. 21983. In Bank. June 26, 1952.]

MOLLIE SEXTON, Respondent, v. EVELYN SIMON BROOKS, Appellant.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Appellant.

Joseph A. Ball and Thomas F. McCarry for Respondent.

GIBSON, C. J.—Plaintiff recovered a verdict for damages for injuries she received as the result of a fall in front of a building owned by defendant. The principal question raised on this appeal is whether the jury was properly instructed on the applicable rules of law.

Since 1946 defendant has owned a two-story building which is located on the northeast corner of Garnet Street and Benita Avenue in Redondo Beach. In 1902 the area on the Benita Avenue side of the property, extending westerly from the present building line, was dedicated to public use for street purposes. In that same year the city constructed a paved sidewalk along Benita Avenue in front of defendant's property, but left unpaved an 18-inch "strip" or "shoulder" between the building line and the sidewalk. Subsequently, at some time prior to 1918, the 18-inch strip was also paved, but there is no direct evidence indicating whether the work was done by the city or by the property owner. For purposes of clarity we shall use the term "sidewalk" to designate the paved walk which was built by the city in 1902.

Defendant's building contains several stores which are leased to tenants and face Benita Avenue. Near the north end of the building there is a large vestibule which furnishes access to the doorways of two of the stores. The sidewalk in front of the building slopes downhill gradually from north to south without any abrupt change in grade. The strip or shoulder conforms to the grade of the sidewalk until it reaches a point directly west of the north corner of the vestibule. At that point the strip is crossed at right angles by a narrow ridge approximately one inch high, and there is a sharp step or drop-off in the strip below the ridge which reaches a depth of 5½ inches at the junction of the strip and the north corner of the vestibule. The floor of the vestibule is nearly level so that its northern part is approximately 5½ inches lower than the sidewalk, and the portion of the strip which lies directly in front of the vestibule is paved so as to slope gently from the sidewalk to the vestibule floor. On the day of the

accident plaintiff was walking southward along the shoulder intending to enter one of the stores served by the vestibule entrance, when she caught her heel on the ridge and fell.

The jury was told that "an invitor owes a duty to a business invitee to use reasonable care to make all portions of premises over which he has control safe whether they be within the precincts of the building or on the outside and used by the general public in common with invitees as an approach to the building. In this case, you are instructed that if you believe from the evidence that there was a danger inherent upon a particular approach to the building owned by defendant, then you are instructed that it is your duty to determine whether or not said owner was negligent in failing to, by some means, warn or protect business invitees against the danger inherent in this particular approach."

The foregoing instruction is based on principles stated in *Johnston* v. *De La Guerra Properties, Inc.*, 28 Cal.2d 394 [170 P.2d 5], which plaintiff contends are applicable here. In that case defendant De La Guerra was the owner of property which adjoined a parking lot operated by an oil company. Mrs. Johnston, a patron of one of De La Guerra's tenants, was injured when she stepped down from the top of a retaining wall located on the parking lot onto a private walk on the De La Guerra property. There was evidence from which a jury could have found that De La Guerra should have anticipated that invitees might approach the private walk in that manner, and that, under the circumstances there existing, the difference in level between the De La Guerra walk and the adjoining property created the hazardous condition which was the proximate cause of the accident. We concluded that since De La Guerra had control over the private walk it was under a duty to protect or warn business invitees against the danger inherent in that approach to the building. The present case presents a different factual situation. As we have seen, the assertedly dangerous condition, which consisted of the ridge over which plaintiff tripped and the step or drop-off below it, was located on the 18-inch strip paralleling defendant's property line, and of itself constituted a hazard which was completely independent of any condition existing on defendant's property.

In the first sentence of the quoted instruction the jurors were told that an invitor is under a duty to keep in a safe condition all portions of "premises over which he has control," whether they are within the building or on the outside and used by the general public as well as invitees as "an

approach to the building." This is a correct statement of the law. The jurors were not instructed, however, what constituted "control" or under what circumstances, if any, an owner of property has "control" of an area which has been dedicated to public use. Instead, the jurors were told in the second sentence of the instruction that if "there was danger inherent upon a particular approach to the building," it was their duty to determine whether defendant was negligent in failing to warn or protect business invitees against the danger. As we have seen, the approach to defendant's building upon which the assertedly dangerous condition existed was located on land which had been dedicated to the public. We, of course, do not know what interpretation the jurors placed upon the instruction given them, but they may have understood it to mean that under the evidence they were bound to find that defendant had control of the approach to her building and was under a duty to use reasonable care to make it safe.

It is the general rule that in the absence of a statute a landowner is under no duty to maintain in a safe condition a public street abutting upon his property. (*Martinovich v. Wooley,* 128 Cal. 141 [60 P. 760]; *Schaefer v. Lenahan,* 63 Cal.App.2d 324 [146 P.2d 929]; see note 93 A.L.R. 800-803.) There is, however, an exception to this rule, and plaintiff claims that the evidence brings this case within that exception. It has been held that an abutting owner is liable for the condition of portions of the public sidewalk which he has altered or constructed for the benefit of his property and which serve a use independent of and apart from the ordinary and accustomed use for which sidewalks are designed. (*Granucci v. Claasen,* 204 Cal. 509 [269 P. 437, 59 A.L.R. 435] [plank driveway across sidewalk area]; see, generally, notes in 62 A.L.R. 1067-1073; 59 A.L.R. 441-443.)

The duty to maintain such portions of the street runs with the land (*Monsch v. Pellissier,* 187 Cal. 790, 793 [204 P. 224]), and a property owner cannot avoid liability on the ground that the condition was created by his predecessors in title. (*Nickelsburg v. City of New York,* 263 App.Div. 625 [34 N.Y.S.2d 1, 2-3]; *Kniffley v. Reid,* 287 Ky. 212 [152 S.W. 2d 615]; *Herron v. City of Youngstown,* 136 Ohio St. 190 [24 N.E.2d 708, 710]; *Joel v. Electric Research Products, Inc.,* 94 F.2d 588.) Any suggestion to the contrary in *Daly v. Mathews,* 49 Cal.App.2d 545, 548 [122 P.2d 81], is disapproved.

A landowner may also be liable under some circumstances where the public sidewalk has been constructed or

altered by the city in a particular manner for the special benefit of his property. For example, if an inherently dangerous condition is created on a public sidewalk abutting an entrance to a building, and this is done at the request of the owner and for his special benefit in order to serve a use independent of and apart from the ordinary and accustomed use for which sidewalks are designed, the landowner may be under a duty to warn invitees of the hazard. ■ If, however, the work is done by the city without regard to whether it benefits the adjoining property, and if the incidental benefit which results could not have been refused by the person who owned the property at that time, neither he nor his successor should be held liable for a dangerous condition caused by the construction. (See *Werner* v. *Trout,* (Tex. Civ.App.) 2 S.W.2d 525, 526, 527.)

■■ The jury in the present case was not instructed on the rules discussed above, and it was given no directions which would enable it to pass upon material questions of fact. The evidence was not without conflict, and we cannot say as a matter of law that defendant was under a duty to maintain the 18-inch strip in a safe condition or to warn business invitees of the danger inherent in this approach to the building. Although there was evidence, which need not be detailed here, that would support a finding that the strip was constructed in a manner benefiting defendant's property and served a purpose apart from the ordinary use for which sidewalks are designed, the facts proved were subject to conflicting inferences. Moreover, the record is not clear as to who surfaced the strip, and there is no evidence as to the circumstances under which the work was done. The paving was completed prior to the time defendant purchased the property, and, under the evidence presented, the jury was not compelled to find that the work was done by, or at the request of, any of defendant's predecessors in title.

The instruction which was given was erroneous and misleading, and defendant did not waive the error by failure to request an instruction which correctly defined her duty to plaintiff. (See *Tabata* v. *Murane,* 24 Cal.2d 221, 227-228 [148 P.2d 605].) We are of the opinion that under the circumstances of this case the error was prejudicial.

The judgment is reversed.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

I cannot agree that the instruction quoted in the majority opinion is ground for reversal for two reasons: (1) The instruction was not erroneous; at the most it was incomplete and not sufficiently specific and hence defendant cannot complain because she did not offer a more explicit one. (2) The error, if any, in the instruction was cured by other instructions.

Let us examine the instruction quoted in the majority opinion. The opinion concedes that the first sentence correctly states the law. The only apparent criticism is that the word "control" is not sufficiently defined. That is nothing more than a statement that it is incomplete—not sufficiently explicit. As defendant offered no more precise instruction he cannot now complain. The rule is stated in *Tabata* v. *Murane*, 24 Cal.2d 221, 228 [148 P.2d 605], cited by the majority: "If the law applicable to the facts of a case is stated correctly in a *general* charge to the jury, a party may not, in the absence of a request for a *more specific or elaborate* instruction, complain that a more specific or elaborate instruction should have been given." (Emphasis added.) And generally, "it is unquestionably the law that where a general instruction is given which is correct as far as it goes, being deficient merely by reason of its generality, the injured party may complain upon appeal only in case he requests that the charge be made more specific, or asks for other qualifying instructions, and his request is denied." (24 Cal.Jur. 796.) Particularly it has been held that a party cannot complain of the failure of an instruction to define terms used unless he requests a definition. (*Mecham* v. *Crump*, 137 Cal.App. 200 [30 P.2d 568]; *Neudeck* v. *Vestal*, 117 Cal.App. 266 [3 P.2d 595]; *Hamm* v. *San Joaquin etc. Canal Co.*, 44 Cal.App.2d 47 [111 P.2d 940]; *Los Angeles City H. S. Dist.* v. *Schumann*, 78 Cal.App. 353 [248 P. 737]; *Ramos* v. *Service Bros.*, 118 Cal.App. 432 [5 P.2d 623]; *Bezera* v. *Associated Oil Co.*, 117 Cal.App. 139 [3 P.2d 622]; *Bruce* v. *Western Pipe & Steel Co.*, 177 Cal. 25 [169 P. 660]; 24 Cal.Jur. 797.) No complaint may be made, therefore, of the first sentence.

It is clear that the second sentence of the instruction is modified by the first sentence thus requiring "control" by the defendant in the circumstances there mentioned. Moreover, the majority opinion overlooks that part of the second sentence reading "*if you believe* from the evidence that there

was a danger inherent upon a particular *approach* to the building *owned* by defendant'' certain results follow. Clearly the word ''owned'' refers to and modifies *approach* rather than ''building.'' Hence the jury were told that *if* they found that the approach was *owned* by defendant and it was dangerous, there was liability. That is no doubt the law because if it is *owned* by the defendant it is controlled by him, and the ownership harmonizes with the first sentence which speaks of control of the property involved.

Even assuming there is some uncertainty in the instruction it was adequately clarified by other instructions which specifically required that defendant be the owner and have control of the defective place where plaintiff fell before there could be liability. The jury was instructed: ''It is the duty of a landlord, such as the defendant in this case, to exercise reasonable care in making safe, and in the maintenance and repair of, any part of a building or other property *over which he retains control* and which is reserved from the exclusive use of any one tenant so that it may be used in common by all tenants and all others who may lawfully enter the premises.'' (Emphasis added.) ''Whenever a person is a guest or an invitee of a tenant and as such enters upon a part of the premises so reserved for common use, *and which is under the landlord's control,* he is deemed by law to be an invitee of the landlord, and the duty of the landlord, as I have stated it, applies in such invitee's favor *as to those parts of the premises under the landlord's control* and upon or into which said invitee would reasonably be likely to go under the circumstances of the invitation, or would be induced or allured to go by the express or implied invitation arising from those circumstances. . . . It is the duty of a landlord to maintain and keep in a reasonably safe condition for use by guests or invitees of tenants any part of a building *over which he retains control* and which is reserved from the exclusive use of one tenant so that it may be used in common by the tenants and all others who may lawfully enter the premises.'' (Emphasis added.) ''. . . [D]efendants were under no duty to keep the *public sidewalk* in front of their premises safe or in repair, or to reconstruct or alter it in any way, and they cannot be held liable for a structural defect, if any, causing plaintiff's accident.'' (Emphasis added.) The last instruction specifically told the jury that there could be no liability if the accident occurred on the *public* sidewalk thus eliminating any possibility that liability

could be imposed for conditions on property not owned by or under defendant's control.

In view of the foregoing it cannot fairly be said that the error, if any, in giving the instruction complained of, was prejudicial, and the judgment should, therefore, be affirmed.

Respondent's petition for a rehearing was denied July 24, 1952. Carter, J., was of the opinion that the petition should be granted.