[Civ. No. 5487.   Third Appellate District.—June 2, 1936.]

AIDA R. DeMARTINI, Respondent, v. B. McDONNELL,
Appellant.

Neumiller & Ditz and Dudley W. Sheppard for Appellant.

Honey & Mayall for Respondent.

PULLEN, P. J.—Plaintiff, while standing in a safety zone in the city of Stockton, was struck by an automobile driven by defendant, inflicting serious injuries upon her, among others being fractures of the pelvis.   An action to recover damages for these injuries thus inflicted resulted in a judgment in favor of plaintiff.   From this judgment defendant appeals upon the ground that the court erred in admitting in evidence without proper foundation an X-ray film of a pelvis without establishing whether the same depicted a pelvis of a man, woman or child, without showing that the pelvis of plaintiff was normal before the accident, and without showing that the X-ray of the pelvis of plaintiff and the X-ray offered

for comparison were taken from the same angles or positions. We believe the contention of appellant is without merit.

Doctor Dozier, the attending physician for plaintiff, while on the witness stand, was describing the fractures found in the pelvis of plaintiff and then was presented to him an X-ray photograph and the following took place: "Q. Now, Doctor, we are ready for those X-ray pictures. First, will you tell us what that is, Doctor? A. That is a picture of a pelvis, X-ray picture of a pelvis. Q. Would you state whether or not this is a normal pelvis? A. . . . I see no abnormalities in that pelvis; that is the shape and size and shows up very well for a demonstration, if you want it to. It is just a normal pelvis. We tried to get a woman approximately Miss De-Martini's size and build. It is a normal pelvis." Thereupon the attorney for the appellant interposed: "Objected to. It has no proper place here. Who has the X-rays of the pelvis of the lady in question? These X-ray negatives speak for themselves." Whether or not this objection was sufficient we need not here determine. It was, however, overruled and the trial court properly admitted the exhibit for the purpose of illustration.

Whether or not the pelvis of the plaintiff was a normal pelvis prior to the accident was a matter for appellant to determine upon cross-examination. The use of skeletons, charts and diagrams are common in trials to show the normal structure of the human body and we cannot see why the use of X-ray films of a normal bone arrangement may not be likewise used for illustration and comparison.

Respondent cites as authority for the introduction of this illustrative X-ray the case of *Bruce* v. *Western Pipe & Steel Co.*, 177 Cal. 25 [169 Pac. 660], wherein plaintiff was allowed to introduce an X-ray picture of a normal foot for the purpose of comparison. Appellant attempts to weaken the effect of that case as applied to the present case, claiming that it does not appear in the cited case that there was a failure to lay a proper foundation, by that meaning that it should appear before the X-ray could be admitted for illustration and comparison that it was of a person of the same sex, of approximately the same age, weight and size, and taken photographically in the same manner as the X-ray with which it was being compared. We have examined the transcript and record of the Bruce case and find that the physician who ex-

amined Bruce about a year after the injuries were received, was permitted to describe the injuries he found in the foot of Bruce and also permitted to produce X-rays he had taken of the foot. He also produced an X-ray of a normal foot for comparison. To this latter X-ray appellant objected on the ground it did not appear when it was taken; that it was not taken in the presence of appellant or its counsel; that it was not taken by the witness himself nor under his supervision. The objection was overruled, the trial judge, Honorable Curtis D. Wilbur, holding that, the doctor having stated that he recognized the film as a picture of a normal foot, and that he could explain the photograph of plaintiff's foot better by comparing it with a photograph of a foot he knew to be normal, it was proper to admit the same for that purpose. That is the situation that is here before us. The X-ray photograph was that of the pelvis of a normal woman about the age, size and figure of plaintiff herein, and was properly admitted for the purpose of enabling the witness to explain to the jury an X-ray photograph already in evidence.

Respondent also cites the case of *McGrath* v. *Fash*, 244 Mass. 327 [139 N. E. 303], which also dealt with the introduction of an X-ray plate of a normal person to assist the jury in understanding the nature and extent of plaintiff's injuries.

Finding no error, the judgment should be affirmed and it is so ordered.

Steel, J., *pro tem.*, and Thompson, J., concurred.