[S. F. No. 575. Department Two. June 16, 1897.

## CHARLES FRANK, APPELLANT, *v.* J. C. PENNIE, ADMINISTRATOR, ETC., RESPONDENT.

ACTION FOR MONEY DEPOSITED—PLEADING—DEFENSE—PROOF UNDER DE-NIALS OF ANSWER—GAMBLING DEBTS.—In an action against an administrator to recover moneys alleged to have been deposited with the decedent under a promise to repay the same to the plaintiff, evidence is admissible under the general issue that no money was in fact deposited by plaintiff with the decedent, and that the debts in suit were gambling debts from the decedent to the plaintiff and his assignors, for moneys lost to them at the game of poker.

ID.—EVIDENCE—ENTRIES IN POKER BOOK—GAMING LAWS—INADMISSIBLE DECLARATIONS—HEARSAY.—A poker book, kept by the clerk of a cigar store, containing entries of losses by the keeper of the store, to other players at games of poker conducted in the rear rooms of the store is not admissible in evidence as a tradesman's book of original entry; and its contents, being merely declarations in the interest of the keeper of the store, having the effect, if admissible, to enable him to avoid the payment of debts for such losses, cannot be proved in his favor, or in favor of his administrator, in an action upon such debts, if properly objected to; nor can hearsay evidence be given, if properly objected to, of his oral declarations that he was owing money for poker debts to the plaintiff and his assignors.

ID.—INSUFFICIENT OBJECTION TO EVIDENCE—WAIVER OF INCOMPETENCY—REVIEW UPON APPEAL.—Where the appellant merely objected to incompetent or hearsay evidence as leading, and the objection was properly overruled, or where he objected to it generally, without stating any specific objection to its competency, he waives objections not stated, and cannot be allowed upon appeal to enlarge his grounds of objection, or to urge new ones not presented in the first instance to the trial judge, and the ruling made as to the admissibility of the incompetent evidence is open to review upon appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*J. D. Sullivan,* and *Herbert Choynski,* for Appellant.

*I. J. Maccabe, R. F. Mogan,* and *George W. Monteith,* for Respondent.

HENSHAW, J.—Appeal from the order denying plaintiff a new trial. Plaintiff sued defendant, administrator of the estate of Joseph Spanier, deceased, to recover certain sums of money which he alleges were deposited by himself and by his assignors with Spanier upon the latter's promise to repay upon demand.

The defendant made denial, and upon the trial was allowed to introduce evidence showing that the debts were gambling debts, for moneys lost to plaintiff and his assignors at the game of poker.

The court found in accordance with the evidence introduced by the defense and rendered judgment accordingly.

It was permissible to introduce evidence of the nature of the transaction between the parties under the general issue. Plaintiff averred and defendant denied that money had been deposited with or lent to Spanier under his promise to repay. In showing that no money was in fact deposited it was competent to prove that the claim was for a gaming debt.

Spanier conducted a cigar store, in the rooms at the rear of which games of poker were played. His former clerk was allowed to testify that he kept Spanier's books; that one of them was called the poker book, and contained statements of Spanier's losses to the other players; Spanier would give him memoranda of the names of the players and the amounts lost, and he would transfer the memoranda to the book. The loss of the book was proved, and then the witness was allowed to testify to its contents, plaintiff reserving the following objection:

"Q. Do you remember how much appeared to be due on his books to Mr. Linville, on account of poker games, from Joseph Spanier?

"*Mr. Sullivan.* I object as leading.

"*The Court.* That is a proper question.

"Plaintiff excepts.

"A. Nine hundred dollars.

"Q. How much was due to Mr. Barnett?

"Same objection. Same ruling. Exception.

"A. About five hundred dollars."

Under proper objection the evidence was inadmissible. The book was not a tradesman's book of original entry, which after certain formal proofs is admissible in evidence. It contained merely declarations of Spanier in his own interest made to and set down by his clerk.

They were clearly declarations in his interest, since their effect, if admissible as evidence, would be to enable Spanier to avoid the payment of a debt. But plaintiff's objection does not present the point. The question was objected to only as being leading. This objection was properly overruled. Appellant will not here be allowed to enlarge his grounds of objection, and urge new ones not presented in the first instance to the trial judge. (*Clarke* v. *Huber*, 25 Cal. 593; *McKay* v. *Riley*, 65 Cal. 623; *Crocker* v. *Carpenter*, 98 Cal. 418; *Howland* v. *Oakland etc. Ry. Co.*, 110 Cal. 513.)

Again, during the examination of the same witness he is questioned as follows:

"*By Mr. Smith.* Q. Did Mr. Spanier ever declare or say to you what he owed these people money for?

"*Mr. Sullivan.* We object to that.

"*Mr. Smith.* It is a declaration against interest.

"*The Court.* The objection is overruled.

"*Mr. Sullivan.* Note an exception.

"A. Yes, sir; poker debts."

This evidence also, under proper objection, should have been excluded. Like that just considered it is hearsay evidence of the declaration of a party in his own interest, not against it. But no ground of objection was presented to the trial court, and its ruling is not, therefore, open to review.

The order appealed from is affirmed.

MCFARLAND, J., and TEMPLE, J., concurred.