[L. A. No. 2880. Department Two.—July 3, 1912.]

## B. W. HARDY, Respondent, v. R. I. SCHIRMER, Appellant.

EVIDENCE—GROUNDS OF OBJECTION MUST BE SPECIFIED.—An objection to the admission of evidence must specify the grounds on which it is based. In the absence of such specification in the record, a ruling admitting the evidence will not be deemed injurious.

ASSAULT WITH HAMMER—ARGUMENT OF COUNSEL—CHARACTERIZING ASSAULT AS FELONY.—In an action to recover damages for personal injuries to the plaintiff as the result of an assault with a hammer, it was not improper for counsel for the plaintiff, in arguing to the jury, to state that if the assault was admitted, and was not justified or in self-defense, the defendant would be liable to be prosecuted for a felony.

ID.—RE-READING TESTIMONY TO JURY—ABSENCE OF OBJECTION.—The re-reading to the jury of a portion of the testimony of the plaintiff cannot be assigned as error on appeal, in the absence of any objection thereto at the trial.

ID.—DAMAGES NOT EXCESSIVE.—Damages for such an assault in the sum of nineteen hundred dollars will not be deemed excessive, where there was evidence to show that the plaintiff's skull had been fractured and other severe injuries had been inflicted on him.

ID.—ANSWER ADMITTING ASSAULT—PLEA OF SELF-DEFENSE—BURDEN OF PROOF ON DEFENDANT.—In such action, where the defendant by his answer admitted the assault and pleaded self-defense, the plaintiff was not required to prove, in order to establish his case, that the defendant assaulted him without cause. It was necessary for the defendant to establish the special defense of self-defense by a preponderance of evidence, there being no presumption that bodily injury is justified or justifiable.

ID.—PREPONDERANCE OF EVIDENCE—OMISSION OF INSTRUCTION.—The failure of the trial court to instruct the jury as to what constituted

a preponderance of evidence cannot be taken advantage of on appeal by the defendant, in the absence of a request for such an instruction on the trial.

ID.—INSTRUCTION AS TO EXEMPLARY DAMAGE—INCLUSION OF ELEMENT OF FRAUD—IMMATERIAL ERROR.—An instruction in such action, practically in the language of section 3294 of the Civil Code, that the jury might award exemplary damages if the defendant was guilty of "oppression, fraud, or malice," will not be deemed materially erroneous by reason of the inclusion of the word "fraud," notwithstanding there was no showing of fraud in the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Frank Herald, and W. W. Wideman, for Appellant.

W. J. Wood, Frank Karr, and Charles Lantz, for Respondent.

MELVIN, J.—This was an action brought by plaintiff for damages for personal injuries. Originally the wife of defendant was made a party to the action but at the close of the testimony for the plaintiff, the court granted defendant's motion for nonsuit as to her. The jury rendered a verdict for plaintiff in the sum of nineteen hundred dollars and from the judgment entered thereon, as well as the order denying defendant's motion for a new trial this appeal is taken.

The trouble resulting in the injuries to plaintiff occurred in a lodging-house owned by defendant who had just served on plaintiff's brother a notice to pay rent or to vacate the premises within three days. After service of the notice defendant went down stairs, secured a hammer and returning was about to tack up in the hallway some cards containing the rules of the apartment house. Before this, however, he had some words with plaintiff's brother who was in the kitchen and the latter shut the door between the kitchen and the hall. At that moment, according to plaintiff's testimony, defendant applied a vile name to plaintiff's brother, whereupon plaintiff said: "There are others in the house." At that, as he testified, defendant turned and struck him

with the hammer. He called for help, his brother and the latter's wife came to his assistance and finally defendant was disarmed but not until he had again struck plaintiff with the hammer. Defendant's account of the affair differed greatly from that given by plaintiff. He testified that both brothers set upon him and that he only struck in self-defense.

Defendant assigns as error the ruling of the court whereby C. S. Hardy was permitted to testify regarding a conversation had with defendant's wife two or three weeks before the assault. According to C. S. Hardy's statement Mr. Schirmer had called witness down stairs to the apartments occupied by defendant and his wife and in her presence had asked Hardy if he knew who had caused his, Schirmer's, arrest for maintaining a cesspool. Then Mrs. Schirmer had said: "We are going to find out who had us arrested and we will have revenge if it takes ten years." This was followed by further testimony that defendant subsequently expressed a strong belief that plaintiff had caused his arrest. The ruling admitting this testimony cannot be disturbed because the record before us does not show the grounds for defendant's objection to its introduction. The record merely reveals the fact that objection was made to the admission of the testimony and was by the court overruled. In the absence of specification of the grounds of objection we cannot say that the ruling was injurious. (*Hughes* v. *Wheeler,* 76 Cal. 234, [18 Pac. 386]; *Frank* v. *Pennie,* 117 Cal. 256, [49 Pac. 208].)

Appellant also assigns as error the conduct of the court in failing to instruct the jury to disregard certain remarks made by plaintiff's attorney. But the remarks of which complaint was made were not improper. There was a sharp conflict of testimony and it became important to know who was telling the truth. In his argument to the jury, Mr. Karr said: "This defendant has a powerful motive for stating that he struck the plaintiff in self-defense, for if he should admit that he struck the plaintiff with a hammer and it was not justified, or in self-defense, he would be liable to be prosecuted for a felony and it would be a penitentiary offense." This was not a declaration (as defendant insists it was), that Schirmer was actually guilty of a felony. It was a statement —and a correct one—of facts that might make one guilty of a felony, but it did not by any means amount to a declara-

tion that defendant was a felon. There was no error in refusing to strike out the language of the attorney for plaintiff.

Nor was there any error in permitting the reading to the jury before their retirement of a portion of the testimony of plaintiff. No objection was made to the re-reading of this testimony and it is too late to specify error here for the first time.

.The damages allowed were not excessive. Plaintiff's physician testified that his patient's skull was fractured and that other very severe injuries had been inflicted upon plaintiff. At the time of the trial plaintiff as a result of defendant's blows was suffering from dizzy spells which might afflict him for a long. time. Under these circumstances we cannot say that the amount awarded by way of damages was unreasonable.

The verdict is sustained by the evidence. The jurors doubtless believed the testimony of plaintiff and that testimony certainly showed a wanton and vengeful attack upon him.

Appellant complains because the judge failed to instruct the jury at appellant's request as follows: ''Before the plaintiff can recover it is necessary for him to prove by a preponderance of the evidence all of the material allegations contained in his complaint, that the defendant without any cause whatever assaulted plaintiff and injured him by beating him.'' There was no reason for the giving of such an instruction in this case because the defendant by his answer admitted striking plaintiff. The injury having been admitted and the special defense of self-defense having been interposed, it became necessary for defendant to establish such defense by a preponderance of the evidence. There is no presumption that bodily injury is justified or justifiable. He who asserts the justification must prove it by a preponderance of evidence. (*Marriott* v. *Williams,* 152 Cal. 710, [125 Am. St. Rep. 87, 93 Pac. 875].) Appellant also complains that there was no instruction as to what constituted a preponderance of evidence. If such an instruction had been desired by defendant it should have been presented to the court, but the record does not show that such a course was followed. Appellant cannot here for the first time take advantage of

the court's failure to give such an instruction. (*People* v. *Northey,* 77 Cal. 632, [19 Pac. 865, 20 Pac. 129].)

The court instructed the jurors practically in the language of the Civil Code (sec. 3294) that they might give exemplary damages if defendant was guilty of "oppression, fraud, or malice." It is argued that as no fraud was shown, the instruction was not applicable. We do not see, however, how appellant was injured by this ruling. The leaving of the word "fraud" in the instruction did not constitute material error. An instruction upon a mere abstract proposition of law not entirely applicable to the circumstances of the particular case will not warrant reversal where it is apparent that no injury resulted to the appellant therefrom. (*People* v. *Romero,* 143 Cal. 459, [77 Pac. 163].) The issues in this case were so simple that we cannot see how any juror could have harbored the idea that possible fraud was an element to be considered.

No other alleged errors require notice.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.