**ALAMO DOWNS, Inc., et al. v. BRIGGS.**

No. 9997.

Court of Civil Appeals of Texas. San Antonio.

May 12, 1937.

Rehearing Denied June 16, 1937.

Birkhead, Beckmann, Stanard & Vance and Mueller & Green, all of San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellee.

SLATTON, Justice.

C. L. Briggs filed this suit against Alamo Downs, Inc., and Raymond R. Russell for damages occasioned by an assault and two false imprisonments, alleged to have occurred at Alamo Downs, during the progress of one of its race meets.

Trial was had to a jury, which returned a verdict on special issues favorable to Briggs and allowed damages: $250 actual, for the assault; $1,000 actual, for the first false imprisonment; and $1,000 exemplary, for the first false imprisonment; and $150 actual, and $100 exemplary, for the second false imprisonment. The trial court rendered judgment on the verdict against Alamo Downs, Inc., and Raymond R. Russell, jointly and severally, for the sum of $2,500.

The appellants bring the case here upon thirty-six propositions of law, claimed as errors committed by the trial court.

Appellee pleaded an unlawful assault and battery and two false imprisonments, alleging that the assault and battery occurred about 3:30 p. m., and shortly thereafter the first false imprisonment occurred and continued until about 6 or 6:15 p. m.; that the second false imprisonment occurred about 6:15 p. m. of the same day. The appellants answered by general denial and specially pleaded that the appellee was disturbing the peace, and that the officers arrested appellee as deputy sheriffs of Bexar county, Tex. The appellants also pleaded that, if there was any assault and battery and any false imprisonment, the same was beyond the scope of authority of the officers and that the same were not authorized by either of the appellants, and such

officers acted solely as deputy sheriffs. Appellants also pleaded that the rules of racing prohibit persons from picking up tickets from and off the grounds of Alamo Downs, and that the appellee was discovered picking up tickets; that the officers were instructed to advise all parties that the same was not permitted; and that in carrying out these instructions the appellee became enraged at being so advised by the officers, and became violent, and was in the act of disturbing the peace, and hence the arrest and detention.

Appellants first complain of the failure of the court to define the term "unlawful violence," as used in its definition of assault and battery and assault. It is a sufficient answer to this contention to say that the evidence offered by appellants shows an unlawful assault and battery as a matter of law; therefore it was unnecessary to define the term.

Appellants next complain of the failure of the court to define "expressly authorized by law" in its definition of false imprisonment. We think the evidence shows a false imprisonment as a matter of law. The evidence shows that there was maintained by Alamo Downs, Inc., a room called by the officers a detention room and jail, and police headquarters, where it was the custom to incarcerate persons who were found disturbing the peace, and drunks. The evidence further shows that it was the instructions of the arresting officer to hold the person in custody until the chief officer could be consulted, and for him to determine what should be done with the arrested person. This, in our opinion, is a false imprisonment as a matter of law. Our statutes contemplate that where a person is arrested without a warrant, that he shall be immediately taken before a magistrate. The record in this case shows, without dispute, an utter disregard of this provision of our laws.

Appellants next complain of the definition of false imprisonment, because it does not authorize the jury to consider certain defensive evidence material to that offense. What we have heretofore said is applicable here, with the additional consideration that the appellants pleaded the arrest and detention and sought to justify the same by virtue of the fact that the appellee was committing a breach of the peace. This question was submitted to the jury under an appropriate special issue, with the statutory definition of the offense

of disturbing the peace, and answered against the appellants. It seems to be the rule, in actions of assault and assault and battery and false imprisonment, that when an arrest and detention are shown, the burden shifts to the one seeking to justify to show with proof that such conduct was legal. As was said in Cameron Compress Co. v. Kubecka (Tex.Civ.App.) 283 S.W. 285, 286 (writ refused):

"We do not sustain the contention. The doctrine or principle of 'respondeat superior' has been recognized in all jurisdictions, and literally means, 'Let the principal answer.' 34 Cyc. 617, quoting vol. 3, Bouv. Law Dict. [Rawle's Third Revision], p. 2922. As applied to this case it simply means that if Hause, the employee, while engaged in the work of the master, made an assault upon appellee, his act in making such assault is the act of appellant. The law is founded upon the principle that the master is liable because he has set in motion the agency that produced the wrong. The rule has been held especially applicable to corporations, because they have no hands, and must necessarily perform all their acts through servants. Woods on Master and Servant, 571; Pittsburgh, C. & St. L. Railway Co. v. Kirk, 102 Ind. 399, 1 N.E. 849, 52 Am.Rep. 675; 18 R.L.C. 801; Dillingham v. Russell, 73 Tex. 47, 11 S.W. 139, 3 L.R.A. 634, 15 Am.St.Rep. 753; Haehl v. Wabash Ry. Co., 119 Mo. 325, 24 S.W. 737.

"Under these authorities appellee was only required to allege and prove by a preponderance of the evidence that Hause committed the assault on him in the course of his employment, and, aided by the presumption that all assaults are unlawful, he thereby made a prima facie case against appellant. Johnson v. Daily, 136 Mo.App. 534, 118 S.W. 530; Robertson v. Sisk, 115 Ark. 461, 171 S.W. 880; Hardy v. Schirmer, 163 Cal. 272, 124 P. 993; Haverbekken v. Johnson (Tex.Civ.App.) 248 S.W. 102; St. John v. Eastern Ry. Co., 1 Allen (Mass.) 544; Croft v. Smith (Tex.Civ. App.) 51 S.W. 1089."

■ Apellants next complain of the refusal of the trial court to give their special requested issue No. 3. It is enough to say that under the pleadings of appellants and the evidence the court was justified in the refusal. The elements presented by the requested issue, which were supported by the pleadings and proof of appellants, were included in special issue No. 30, and answered by the jury adversely to appellants. What we have said also overrules appellants' propositions Nos. 5 and 6, which complain of the definition of false imprisonment by the trial court as being on the weight of the evidence.

By their seventh proposition appellants complain of the court's definition of the term "scope of employment." The trial court defined the term, as follows: "You are instructed that as used herein the term 'within the scope of his employment,' when used relative to the acts of an agent or employee, means acts done by an agent or employee while such agent or employee is engaged in the service of his employer or while about his employer's business in which he was employed to assist."

■ We think the assault is shown to have been committed by the officer in the course of his performance of his duties as an employee of Alamo Downs, Inc., by the undisputed evidence. This may be said to be true as to the first false imprisonment, and Alamo Downs, Inc., would be liable for the actual damages sustained by virtue of the assault and first false imprisonment. The second false imprisonment was expressly directed and ordered by Mr. Raymond R. Russell, president of Alamo Downs, Inc. Mr. Russell testified that he knew that the detention room was being maintained by the Alamo Downs, Inc., that the arresting officer and the chief officer, as he was termed, were on the pay roll of Alamo Downs, Inc., and that the room was maintained there for the purpose of locking people therein. The chief officer, Mr. Mussey, testified that his instructions to the officers were, "that when they saw people go around other people, around the mutuels, or otherwise, picking up tickets, to kindly ask them to refrain from that—because lots of people didn't know what they were doing"; that he was held responsible for any irregularities at Alamo Downs, Inc.; and that he had several officers under him.

The arresting officer testified that he was instructed by Mr. Mussey not to allow any "stooping," and to hold the parties for his instructions, when found picking up tickets, or stooping.

Mr. Russell testified that the "stooping" practice was not allowed at the track. The arresting officer further testified that he did not take appellee, Briggs, before a magistrate at any time after his arrest. It follows that unlawful assault and false imprisonment were authorized by the president

and chief officer, and included in instructions to the arresting officer here. Under this state of the record, we think that the definition was sufficient.

■ Appellants, by their ninth, tenth, and eleventh propositions, complain that there was no evidence to support affirmative findings to special issues Nos. 4 and 13. Such issues inquire if Alamo Downs, Inc., through any of its officers or agents, acting within the scope of their employment, advised or procured the assault and false imprisonment. We think what we have already said disposes of that contention adversely to the appellants.

■■ In propositions 12 and 13 appellants complain that special issues Nos. 4 and 13 are duplicitous and multifarious. Special issue No. 4 sought a finding of the jury to whether or not Alamo Downs, Inc., through any of its officers or agents, acting within the scope of their employment, advised or procured the assault, if any, by the arresting officer inquired about in question No. 1; and special issue No. 13, in the same form, had relation to the first false imprisonment. The evidence showed without dispute that Alamo Downs, Inc., was attempting to prohibit persons from picking up tickets from the ground, regardless of whether or not they belonged to the person attempting to pick the tickets up, and the officers being on their pay roll, with instructions to detain those persons caught in such an act, until the chief officer could give instruction as to what to do with them, seems to our mind to be sufficient to render the corporation liable for the act of its officers in such practice. This, together with the maintenance of the detention room in which such persons are confined by the corporation, through its officials, shows false imprisonment, and, as we understand the rules, an issue is not duplicitous if it includes only one controversial fact.

What we have said also disposes of the fourteenth and fifteenth propositions, as to the appellant Raymond R. Russell.

■ Appellants' propositions 16 and 17 complain of issues Nos. 4 and 13, because the same are too general and it cannot be ascertained what facts were found by the jury. We do not agree with this contention and, moreover, we have determined that the evidence is undisputed as to assault and the first false imprisonment, particularly in view of all issues raised by appellants and supported by proof having been submitted and answered by the jury against appellants.

■ Propositions 18 and 19 complain of the refusal of the trial court to define "advised or procured" as used in special issues Nos. 4 and 13. We think what we have already said disposes of these two propositions. We also think, under the pleadings and evidence in this case, it was not necessary for the trial court to define these words, which were used in their common and ordinary sense.

■ By proposition No. XX appellants complain of the sufficiency of the evidence to support issue No. 5, relative to ratification by Alamo Downs of the assault in question. We have already demonstrated that, under the evidence, this was not an issuable fact to go to the jury and that Alamo Downs, Inc., under the evidence, was liable for whatever assault the arresting officer made upon the appellee. This necessitates an overruling of the twenty-first proposition, which complains of the sufficiency of the evidence to support issue No. 14, relative to ratification by Alamo Downs, Inc., of false imprisonment.

■ By propositions 22 and 23 the appellants complain of the sufficiency of the evidence to support issues Nos. 15 and 6, relative to ratification by Raymond R. Russell of imprisonment and assault, respectively. In actions of unlawful assault and false imprisonment, where a corporation through its president and general manager and other agents set in motion acts through which the corporation commits illegal assaults and false imprisonments, the participation in such illegal acts by the officers and agents renders them liable in their personal capacity.

Propositions 24 and 25 complain of the failure to define "ratified and approved," contained in special issues Nos. 5 and 14. We have heretofore pointed out that these propositions are without merit.

■ By the twenty-sixth proposition appellants complain of issues 5 and 14, because they inquire as to ratification by Alamo Downs, Inc., but do not require that the person ratifying must have full knowledge of all the material facts. The special issues, as submitted by the trial court, provided that the person be "informed of the facts," and it seems that appellants argue that the person should have "full knowledge of all material facts."

The evidence shows that after the assault and battery and the arrest and detention of appellee, and after he was permitted to leave the detention room, he sought Mr. Raymond R. Russell and made a full disclosure to him of what had happened to him, and at the same time the arresting officer gave his version of the affair to Mr. Raymond R. Russell. If Mr. Russell did not have full knowledge of all the material facts, it was nobody's fault but his own, and, if the rule insisted on by appellants were to be the law, a person could refuse to believe the complainant, and, so long as there was a controversial issue before them, could be held to say that he did not have full knowledge of all material facts. In Tex.Jur. vol. 2, § 87, p. 485, it is said that, "although knowledge usually means full knowledge of all the material facts, the principal will be bound when he purposely closes his eyes to means of information available to him, and deliberately ratifies the act."

The same principle has been applied by our Supreme Court in case of Davis v. Nueces Valley Irr. Co., 103 Tex. 243, 249, 126 S.W. 4.

Appellants, by their propositions 28 and 29, complain of special issues Nos. 5 and 14, 6 and 15, relating to ratification, because such issues are on the weight of the evidence, claiming, in effect, that they are on the weight of the evidence because Raymond R. Russell, as president of the Alamo Downs, Inc., was informed of the facts concerning the facts referred to in said issue, whereas same were controverted issues in the case. We think the evidence shows without dispute that appellee, Briggs, gave him the facts and that the arresting officer gave his version of the facts, and it is rather hypercritical to say that such special issues are on the weight of the evidence. We overrule the contention.

By their thirtieth proposition, appellants complain of the refusal by the trial court to allow appellants to interrogate the plaintiff, while a witness for himself, on cross-examination, as to whether he had been arrested several times for breaches of the public peace, for fighting in public, and incarcerated in jail for such offenses. This is the most interesting question involved in this case. The appellee, having alleged that by reason of the assault and battery and false arrest and imprisonment he suffered great mental anguish, pain, and humiliation, and having testified to such, if he had been in jail for breaches of the peace, we think the fact would be pertinent to go before the jury for their consideration as to the amount of damages allowed in this action. This we think was ruled in the case of Texas Midland R. R. v. Dean, 98 Tex. 517, 85 S.W. 1135, 70 L.R.A. 943, by our Supreme Court, in an opinion by Judge Williams. There are other cases, perhaps, to the same effect.

The record in this case does not show what the witness would have answered, and the appellee contends that by reason of such failure no error is shown. We take it that all will concede that this is the general rule. There seems, however, to be an exception to this general rule, infrequently applied in a situation similar to this. In the case of Cunningham v. Austin & Northwest R. R. Co., 88 Tex. 534, 31 S.W. 629, our Supreme Court, in answer to certified question, ruled that where an adverse witness was being interrogated and the court sustained objections to questions asked, that if the questions were in regard to a pertinent inquiry, that it was not necessary to show in the bill of exceptions what the answer of the witness would be, based upon the sound reason that where it was an adverse witness, and on cross-examination, the counsel would not have the opportunity to know what the witness would testify, and therefore it would be impossible for him to advise the court as to what the witness' answer would be. There are provisions made by statutes in this state, whereby depositions may be taken of any witness, and particular statutes have been passed authorizing the calling of an adverse party, the asking of leading questions, and the fact that the party calling such adversary would not be bound by his testimony. The record in this case shows that some time before the trial of this cause the appellants took the deposition of appellee, a part of which was introduced in evidence in this case. Whether he was asked concerning the matters sought to be elucidated is not shown. It is not shown that he was not asked these questions. Thus we are confronted with the presumption that the trial court in his action in this regard was correct. We think that counsel having taken the deposition of appellee, before they can complain of the refusal of the trial court to interrogate the appellee in regard to his having been in jail, etc., that

it would be incumbent upon counsel to have advised the trial court what appellee's answers would have been, or to have advised the trial court that he was not interrogated along this line in the deposition, and therefore counsel were unable to tell the trial court what appellee's answers would be. In other words, the reason for the rule as applied in the Cunningham Case is absent here. The proposition is overruled.

By proposition 31 appellants complain of the trial court's instruction on the element of damages to be taken into consideration in connection with special issue No. 16, claiming that it allows the jury to award plaintiff certain damages which were not the proximate result of any wrongful act of the appellants, on the theory that the arresting officer and the chief officer, Mr. Mussey, attempted to release the appellee from the first false imprisonment only a few minutes after he was placed therein.

We think the proposition is without merit, for the reason that the trial court instructed the jury, in connection with such special issue, as follows: "In estimating the amount of money inquired about in the preceding question, you may take into consideration physical pain and suffering, if any, and mental pain and suffering, if any, and humiliation and shame, if any, sustained by the said C. L. Briggs, by reason of said false imprisonment, if any; but you will not take into consideration any other elements of damages whatsoever, and you will not take into consideration the motive of any person so falsely imprisoning him."

By proposition 32 the appellants complain of the trial court's refusal of their special requested issues Nos. 4 and 7. These issues were also prepared on the theory that either the appellee, or another person incarcerated in the detention room with him, jammed the lock on the door of the detention room and thereby prevented the appellee's release for a considerable length of time. We have examined the evidence in connection with these special requested issues, and are of the opinion that the court did not err in their refusal because they were not raised by the evidence.

By appellants' proposition No. 33 they raise the question of excessiveness of the verdict as to damages, but present the same without argument or the citation of authorities. It follows, such proposition is overruled.

By proposition No. 34 appellants complain of the $1,000 exemplary damages, as found by the jury in answer to special issue No. 18, claiming that the findings of the jury did not authorize such judgment against Alamo Downs, Inc., on the theory that there was no finding by the jury that any officer having authority to represent the corporation, Alamo Downs, Inc., in its corporate capacity, imprisoned the plaintiff or caused him to be imprisoned, or, after having full knowledge of the facts relating to such imprisonment, ratified the same for the corporation. To that contention we cannot agree. As we have heretofore pointed out, Alamo Downs, Inc., through its president and general manager and chief officer, was prohibiting "stooping" and authorized its officers to hold and detain persons caught following the practice. Stooping may be committed by a person dropping his own tickets and recovering the same, yet Mr. Russell says, "we did not allow the practice of picking up tickets." Appellee was assaulted by the arresting officer and falsely imprisoned by him. This was made known to the president and general manager, and, because appellee argued the question of his right to pick up his own ticket, Mr. Russell had the officers take him off the grounds. It is true the claim was made that appellee was disturbing the peace at the time in question, but these questions were submitted to the jury and answered in the negative. Malice, in its legal sense, means the intentional doing of an illegal act. We think the jury's finding of exemplary damages has support in the evidence.

Appellants' propositions 35 and 36 raise the point that special issue No. 1, inquiring whether an assault was committed, is erroneous, because said issue was not raised by the pleadings of the appellee, in that the pleadings alleged an assault and battery, and did not allege an assault. There is no special exception directed to the pleadings for this reason, and we think that it is elementary that a pleading of assault and battery would include the pleading of assault, and, in the absence of a special exception, the rule that every legal intendment will be indulged in support of a pleading is applicable here;

therefore the propositions will be overruled.

From what we have said it follows that the judgment entered by the trial court should be, and is, in all things affirmed.