**KIRK v. MARSHALL et ux.**

No. 14481.

Court of Civil Appeals of Texas. Dallas.
March 7, 1952.

McKool, McDaniel & Bader, Dallas, for appellant.

Irion, Cain, Bergman & Hickerson, Lee Smith, and Walter M. Spradley, all of Dallas, for appellees.

CRAMER, Justice.

This is a suit for actual and exemplary damages brought by Willis A. Marshall for breach of a rental agreement. He sought a recovery of $26.04 return on rent, $12 for storage of refrigerator, $35 for cleaning and pressing, $40 for expense of eating in cafes and restaurants, $100 for loss of labor of plaintiff's wife, $100 for mental anguish for plaintiff and his wife, and $685 for exemplary damages.

The jury by its verdict found, in substance, that (1) plaintiff and defendant agreed "that the apartment in question would be rented for $65 per month as a furnished apartment, except for refrigerator and dinette set"; (2) "* * * that on or about the 19th day of September 1949, the defendant Kirk removed the furniture from the apartment in question without the consent of the plaintiff Marshall"; (3) "* * * that Mrs. Willis A. Marshall suffered nervous shock and mental anguish as a result of the defendant removing the furniture in question from the plaintiffs' apartment"; (4) found compensation for mental shock at $75; (5) $12 as expense of storing their refrigerator; (6, 7) soilage of clothing in the amount of $17.50; (8, 9) $5 difference in food bill; (10) that defendant's removal of the furniture was willful and deliberate;

and (11) set the amount of exemplary damages at $500.

Appellant in due time made a motion for judgment non obstante veredicto, and an amended motion for a new trial, which were overruled and judgment then entered on the verdict for $618.04, plus interest and costs. Thereafter in due time defendant, as appellant, duly perfected this appeal.

Appellant briefs seven points of error, the first three complaining of matters involving the submission of special issue No. 11 to the jury. The first two complained that in the definition of exemplary damages the term "malice" is used and said term having a definite legal meaning, should have been defined; and the third point, that issue No. 1 is a comment on the weight of the evidence, since there is no "if any" after the words "exemplary damages." The issue and definition as given by the court were as follows:

"Special Issue No. 11: What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably compensate the plaintiff for exemplary damages? Answer in dollars, if any, and cents, if any. $500.00.

"In connection with this special issue, you are instructed by Exemplary Damages, as that term is used herein, is meant the sum awarded as punishment of the defendant for any malice, if any you may believe to exist in this case; such sum is no part of the damages, if any, which may be allowed as actual damages. It is further explained to you that such sum, if any you may find, should be reasonably proportioned to the actual damage, if any."

Appellant requested a proper definition of the legal term "malice," which request was overruled by the court.

The rule is well settled that if a word or term is used in the charge which has a definite legal meaning in addition to or different from its ordinary every-day meaning, or "is necessary to enable the jury

to pass upon and render a judgment upon such issues," it must, if properly called to the court's attention, be contained in and as a part of the court's charge to the jury. Rule 277, Texas Rules of Civil Procedure. "Malice" under the record and the manner in which it is here used, is such a term as requires a definition under the above Rule. Funk & Wagnalls New Standard Dictionary of the English Language, Vol. 2, p. 1498, gives the ordinary and legal difference in the definition as follows:

"1. A disposition or intent to injure another or others for the gratification of anger, jealousy, hatred, revenge, or the like; active malevolence."

"2. Law. A deliberate intention to do evil with or without personal ill will; a wilfully formed design to do another an injury."

In Alamo Downs, Inc., v. Briggs, Tex. Civ.App., 106 S.W.2d 733, at page 739, syl. 22, "malice" is defined in its true legal meaning in Texas as follows:

"Malice, in its legal sense, means the intentional doing of an illegal act."

The difference between its common meaning and its legal meaning is stated in Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505–508, 48 L.Ed. 754, as follows:

"Malice, in common acceptation, means ill will against a person; but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse."

See, also, Thompson v. Grand International Brotherhood of Locomotive Engineers, 41 Tex.Civ.App. 176, 91 S.W. 834; Webb v. Cooks, W. & W. Union, etc., Tex.Civ.App., 205 S.W. 465, at page 468; Daniels v. Starnes, Tex.Civ.App., 61 S.W.2d 548, at page 550; Harvey v. State, 150 Tex.Cr.R. 332, 201 S.W.2d 42, at page 44; 41 Tex. Jur., p. 1162, paragraph 317.

■ The failure to define the term "malice," was therefore error unless the appellees' contention (1) that the jury's answer to special issue No. 10 that the removal of the furniture was "Willful and deliberate," cured the error. In our opinion, such finding did not cure the error. The jury was not informed by any word-

ing in the charge that if the act was done wilfully and deliberately, that such finding would constitute malice, if in truth and in fact such finding did constitute legal malice, which is not necessary for us to decide, and we do not decide it here. Issue No. 11 is also subject to the complaint that it is on the weight of the evidence. It does, by omitting the "if any" after the two last words "exemplary damages," assume that the jury has found there was exemplary damage. Even though an issue in a series comes after a necessary prior finding and the jury is also instructed not to answer the next issue if the prior issue is answered in the negative, it does not and cannot cure the error of omission of the term "if any" in the dependent issue. An illustration would be in a damage suit. It could not be contended that in a negligence issue the "if any" could be omitted after the wording as to whether or not the particular failure, "if any," was negligence; or the "if any," or "if any you have found in answer to the preceding issue" could be left out of the question as to whether such negligence, if any, was a proximate cause, etc., in the proximate cause issue, merely because of the failure of such instruction in the preceding issue not to answer it if they had answered such preceding issue, "No." The answer is obvious. Points 1, 2, and 3 are each sustained.

■ Points 4 and 5 assert error in the submission of the issue on damages, wherein the elements of nervous shock and mental anguish are included, for the reason that there is no pleading or evidence to sustain such elements. Paragraphs 4 and 5–d of appellees' pleading allege sufficient facts to justify the admission of the evidence. The allegation was:

"That plaintiff's wife did in fact suffer mental anguish, emotional upset and nausea to the extent that she was unable to perform her normal household duties for a week or ten days after the above mentioned acts on the part of defendant."

■ Our examination of the statement of facts discloses ample evidence to make such allegation a question of fact for the jury. Points 4 and 5 are overruled.

Appellees admit point 6 discloses error in that the issue is not supported by pleadings, and have filed a remittitur of $12 to cure such error. In our opinion the $12 remittitur clearly cures any reversible error. Point 6 is overruled.

Point 7 complains of the submission of special issue No. 12 as follows:

"Do you find from a preponderance of the evidence that the removal, if any, of the furniture from the apartment in question, was willful and deliberate on the part of the defendant, Kirk?"

We have examined the statement of facts and find such issue clearly raised by the evidence. Without comment, point 7 is overruled.

For the errors raised by points 1, 2, and 3, the judgment below is reversed and the cause is remanded to the trial court for another trial.

Reversed and remanded.