James N. BREWER, Appellant,

v.

Ellen K. SHERMAN, Appellee.

No. 13142.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 13, 1957.

Tom H. King, San Antonio, for appellant.

Wolff & Wolff, San Antonio, for appellee.

POPE, Justice.

This is a venue suit and concerns child support. It is not a suit for divorce, and the residence qualifications required for a divorce action are not involved. The parties have engaged in a series of suits in Texas and California. Ellen Sherman, the mother, obtained an annulment of a marriage with James N. Brewer in a California decree. That decree ordered Brewer to pay $200 each month for support of their child. The father, James N. Brewer, then filed suit in the 73rd District Court of Bexar County. That court entered judgment that the California support order was void, and ordered the father to pay child support in the amount of $75 each month. The mother then filed the present action in the 45th District Court of Bexar County, for the purpose of increasing the amount of the support. Brewer filed his plea of privilege to be sued in Bosque County, Texas. Brewer is now in the U. S. Army and was a resident of El Paso County when he last joined the Army in 1947. The court overruled Brewer's plea to be sued in Bosque County.

The record suggests many procedural and jurisdictional problems, but the narrow matter presented by this appeal is whether the plaintiff proved that Brewer's residence is in Bexar County. The court found that it is. Both the evidence that he is not such a resident and that he is, comes from Brew-er. He asserts that he is in Bexar County on orders from the Army and has never intended it to be his residence. He owns no property in Bexar County, and lives on the military reservation at Fort Sam Houston. He claims that he is a native of Bosque County, Texas, where his parents live. He owns no property there, and has not physically resided there for many years. Brewer introduced several documents which stated that Bosque County was his residence. Among those documents were his driver's license, a power of attorney, two different documents which changed the beneficiary in his life insurance policy, and a news release concerning him, issued by the Headquarters, Fourth Army. No one contends that Brewer's present residence is in El Paso County, but the evidence shows that Brewer resided there when he last joined the Army, in 1947. He admits that he was then a resident of El Paso County, but now denies that residence.

Brewer, dissatisfied with the California judgment which ordered him to pay $200 per month support, turned to the Texas courts for relief. In December of 1954 he filed a suit in the 73rd District Court of Bexar County, and commenced his petition by stating: "Now comes James N. Brewer, of Bexar County, Texas, hereinafter called Plaintiff." At the conclusion of all his allegations, he gave his statement added emphasis by making an oath and swearing "he is familiar with the facts stated in the above and foregoing petition and that the same are true and correct." Brewer went to trial and obtained a favorable judgment on March 14, 1955. Brewer explained these former inconsistent residence statements by stating that the plaintiff had harassed him and had taken undue advantage of his Army position by writing letters to Army officials instead of pursuing legal channels. This caused him such embarrassment that he needed prompt justice and he filed the suit in Bexar County, where he was stationed. The trial court, therefore, was called upon to determine as a fact which of the two residences that Brewer had claimed

was actually his residence. The trial court had the fact before it, that when Brewer desired a court to pass on the amount of child support he swore that he was "of Bexar County, Texas," but when the mother desired to have the same matter determined, he claimed residence elsewhere. The trial court believed Brewer's sworn statement, and he can hardly be heard to complain about the court's acceptance of his own sworn declaration about his residence. The trial court in determining that Brewer is a resident of Bexar County for trial purposes gave the identical meaning and result to Brewer's words that he did, when shortly before he declared that he was "of Bexar County." The only difference between Brewer's residence status now and when the former suit in the 73rd District Court was conducted is that he was plaintiff then and defendant now. Brewer's sworn statement that Bexar County is his residence, together with his inability to show a residence elsewhere in Texas, sufficiently supports the judgment. Kirk v. Marshall, Tex.Civ.App., 247 S.W.2d 454; Bolton v. Alley, Tex.Civ.App., 25 S.W.2d 638.

The judgment is affirmed.