Henry Lee BRYAN, Plaintiff-Appellee,

v.

Clarence JONES, Sheriff, Henry Wade, Dist. Atty., Fidelity & Deposit Co. and Lena Giddens, Defendants-Appellants.

No. 74–3435.

United States Court of Appeals, Fifth Circuit.

Sept. 15, 1975.

Rehearing En Banc Granted Oct. 20, 1975.

Earl Luna, Thomas V. Murto, III, Dallas, Tex., for Jones.

Alan Wilson, Dallas, Tex., for Fidelity & Deposit Co.

Gerald Weatherly, Asst. Dist. Atty., Dallas, Tex., for other interested parties.

Douglas R. Larson, Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and GEE, Circuit Judges.

CLARK, Circuit Judge:

Henry Lee Bryan brought this § 1983 action seeking monetary damages for false imprisonment against Clarence Jones, Sheriff of Dallas County, Texas, and his surety; and Henry Wade, District Attorney for Dallas County, Texas, and Lena Giddens, his employee. From a jury verdict the Sheriff and his surety appeal attacking the trial court's refusal to instruct the jury that good faith was a defense to the charge of false imprisonment. Error is also asserted in the court's refusal to permit proof of Bryan's prior imprisonment relative to the damages claimed. We hold the refusal to instruct was not error but that the bar to proof was and accordingly vacate the judgment and remand for a new trial on the issue of damages only.

Bryan was imprisoned on February 14, 1972 on a charge of automobile theft. This charge was dismissed on March 3, 1972 but Bryan was not released until April 7, 1972, some 36 days later. An error in defendant Giddens' preparation of a grand jury report, upon which Sheriff Jones relied, indicated Bryan continued under indictment on another charge, contrary to other records in the Sheriff's office which disclosed this second charge was against a different person w     a similar name. In answer to speci

terrogatories the jury found, *inter alia:* (1) that the grand jury report was a proximate cause of Bryan's imprisonment after March 3, but that defendant Giddens was not negligent in preparing the report; (2) that the Sheriff's office relied on the report in imprisoning Bryan after March 3; (3) that it could be reasonably anticipated by District Attorney Wade's office that Sheriff Jones would rely on the report; (4) that Wade was negligent in failing to advise Jones that he had no legal authority to imprison Bryan after March 3, and that this negligence was a proximate cause of confinement thereafter; (5) that Sheriff Jones failed to make a reasonable and timely investigation into the legal authority to imprison Bryan after March 3; and (6) that Bryan suffered damages in the sum of $40,000. Following a judgment notwithstanding the verdict for District Attorney Wade,[1] the court awarded judgment for $40,000 on the jury's verdict against Sheriff Jones and, to the extent of its undertaking, against his surety.

■ Sheriff Jones sought an instruction that good faith was a defense to Bryan's claim of false imprisonment. The trial court's refusal was predicated upon this court's holding in *Whirl v. Kern*, 407 F.2d 781 (5th Cir.), *cert. denied*, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969). Sheriff Jones and his surety contend that our subsequent decisions in *Dowsey v. Wilkins*, 467 F.2d 1022, 1025 (5th Cir. 1972) and *Johnson v. Greer*, 477 F.2d 101, 104–05 (5th Cir. 1973), authorize the instruction requested. While both cases contain language implying acceptance of the contrary view, neither decided the ultimate issue of the applicability of a good faith defense in a false imprisonment action. *Dowsey* involved a claim of false arrest intimately enmeshed with a short period of custody. In *Johnson*, which involved

a claim of false imprisonment only, we concluded that defendant failed to establish that his detention of plaintiff was made in good faith without reaching the underlying issue of whether this defense would have been applicable if present. Thus, the *Whirl v. Kern* decision that good faith is not a defense to a § 1983 action for false imprisonment remains the only precedent in this circuit, and as such is binding upon us. *E. g., Burroughs v. United States,* 515 F.2d 824 (5th Cir., 1975).

This rejection of the good faith defense in a false imprisonment claim is in accord with existing Supreme Court guidelines. As pointed out in *Whirl v. Kern, supra* at 791, *Pierson v. Ray,* 386 U.S. 547, 555–56, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967), and *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), held that "§ 1983 [should] be read against the background of tort liability" and "thereby made 'good faith' a defense to a suit under § 1983 only where it is *also* a defense 'under the prevailing view [of tort law] in this country.'" *Id.* at 791. The prevailing view does not permit the defense of good faith where the tort charged is false imprisonment. *United States ex rel Jones v. Rundle,* 358 F.Supp. 939, 949 (E.D.Pa.1973). In an action for false imprisonment "[t]here may be liability although the defendant believed in good faith that the arrest was justified, or that he was acting for the plaintiff's own good." W. Prosser, The Law of Torts, § 11 at p. 48 (4th ed. 1971). "To make the actor liable [for false imprisonment], it is only necessary that he intend to confine the other. . . . The actor's motives in so confining the other are immaterial." Restatement of Torts, Second, § 44, comment a. at p. 66 (1965).

*Whirl's* refusal to recognize the good faith defense to a charge of false imprisonment has not been modified by recent

1. District Attorney Wade's motion for judgment notwithstanding the verdict was based upon the court's determination that the jury exonerated Wade personally concerning preparation of the grand jury report and because

there was no statutory authority under Texas law imposing an affirmative duty upon a district attorney to investigate the legal basis for each prisoner's confinement.

Supreme Court decisions permitting assertion of good faith as a defense to § 1983 suits attacking discretionary actions of various state officials. *E. g., O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396, 43 U.S.L.W. 4929 (June 26, 1975); *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). These cases find a grant of qualified good faith immunity necessary where the state official's functions involve the exercise of discretion to ensure timely, principled and fearless decision-making. *See Pierson v. Ray, supra*, 386 U.S. at 554, 87 S.Ct. at 1218. Discretion, the essential element in these cases is lacking here. A sheriff's duty to discharge a prisoner he has no legal right to hold is solely a ministerial task. No discretion reposes in the jailer who imprisons a man the law says should be free and such an officer commits a tort unless he releases his prisoner within a reasonable time of being ordered to do so. *Whirl v. Kern, supra* at 792. It may be that the Supreme Court will extend the good faith defense to a false imprisonment situation of the type presented by this case. We say only that it has not yet done so and that it is beyond the scope of this panel's authority to look past *Whirl* to say they will.

The Sheriff and surety have also assigned as error the trial court's refusal to permit evidence of Bryan's prior record of imprisonment in mitigation of damages. The trial court refused to permit introduction of such evidence concluding that the fact that he had previously been lawfully imprisoned would be irrelevant because Bryan sought damages only for mental suffering caused by the knowledge that he was wrongfully restrained with no apparent possibility of release. We cannot agree that it should be cut so fine.

■■ The court's charge to the jury instructed it to award damages for physical and mental suffering. Bryan was allowed to adduce proof of the adverse conditions under which he was confined.

The parties should have been given an opportunity to develop all factual elements which related to damages. One such element is the suffering caused by the very fact of incarceration, absent any issue concerning the condition of or reason for such incarceration. Even a minimal sort of penal confinement may be debilitating to many. Under comparable conditions of confinement, however, this mental anguish may be much less for the recidivist than for one incarcerated for the first time. *See Ford v. Wells*, 347 F.Supp. 1026, 1030 (E.D.Tenn. 1972); *Alamo Downs v. Briggs*, 106 S.W.2d 733, 738 (Tex.Civ.App.1937). Therefore, the fact of prior imprisonment is a consideration to the extent of mental suffering occasioned by the wrongful confinement. Accordingly, this cause must be remanded so that the damage issue may be tried anew.

Defendants' other assignments of error are without merit.

Vacated and remanded.

GEE, Circuit Judge (dissenting in part and concurring in part):

In this § 1983 action, essentially for false imprisonment, Plaintiff-Appellee Bryan was awarded judgment for $40,000 on a jury verdict against Jones, Sheriff of Dallas County, and in part against Jones' surety. This resulted from conflicting instructions from above. The District Attorney had dismissed charges upon which Bryan was held. There was an error in the preparation of a grand jury report, upon which report the jury found Jones relied, and which indicated Bryan continued under indictment. By the time these matters were unscrambled, Bryan had spent thirty-six too many days in jail under conditions sufficiently overcrowded and otherwise unpleasant as to produce a verdict exceeding $1,100 per day. Jones and his surety appeal, and we vacate for the reasons stated at the end of the majority opinion. In these I concur.

Defendants, however, sought an instruction on good faith as a defense, were refused it, and have assigned this

refusal, *inter alia,* as error. Bryan has rejoined, successfully as it falls out, that under our decision in *Whirl v. Kern,* 407 F.2d 781 (5th Cir. 1968), *cert. denied,* 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969), good faith is not a defense to a § 1983 false-imprisonment-type action. *Kern* was a case where the defendant sheriff sought to parlay a jury finding of no negligence in overholding a prisoner for *nine months* into one of good faith, and language in that opinion supports Bryan's position.[1]

Our court has, however, explicitly adopted a different view in more recent cases of this type, and until today Bryan's view of the *Kern* language represented a road once possible but not taken. In *Dowsey,* for example, a § 1983/false-imprisonment case where a sheriff had detained and interrogated a juvenile in a plainly desperate effort to identify the drug which his unconscious and hospitalized companion had taken, we held in specific language about false imprisonment, which is in no sense dicta, but which the majority now disavows:

> The Sheriff and Chief of Police contend that they acted only in an attempt to save Robberson's life and thus are entitled to use their good faith as an absolute defense. This is an erroneous view of the law of false imprisonment. No matter how laudatory the motives of the Sheriff and the Chief of Police may have been, such motives alone are not sufficient to arm them with a privilege to detain and interrogate a citizen for hours, threaten him with jail unless he tells them what they want to know, and then attempt to prevent his leaving

the place of interrogation and detention if there is no underlying right to deprive that person of his freedom.

> *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), held that an officer's assertion of a reasonable good faith belief that he had probable cause to arrest created a jury issue in a Section 1983 action against him for false arrest and imprisonment. In reasoning to this result, the Supreme Court emphasized that actions under Section 1983 were analogous to tort actions and therefore a defense which would establish that no tortious wrong had in fact been committed was equally available in either type suit. *This kind of good faith would be as applicable to a defendant in a Section 1983 action for false imprisonment unaccompanied by any claim of false arrest.* However, *mere good intentions* which do not give rise to a reasonable belief that detention is lawfully required cannot justify false imprisonment whether the action is founded in tort or under Section 1983. *See Whirl v. Kern,* 407 F.2d 781, 790–791 (5th Cir. 1969), *cert. denied,* 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969).

*Dowsey v. Wilkins,* 467 F.2d 1022, 1025 (5th Cir. 1972) (emphasis added). Jones' requested (and refused) charge in this case draws precisely the above distinction between "mere good intentions" and a "reasonable good faith belief" that he had a duty to restrain Bryan, and appears to have been adapted from our above language. What could be more natural? *Kern* is cited by the *Dowsey* panel as authority for this view. And our later cases citing *Dowsey* confirm

---

1. E. g., "As we read *Pierson v. Ray* and *Monroe v. Pape,* neither good faith nor non-negligence can exculpate Kern from liability." 407 F.2d, at 790. Despite this explicit language, not only we, in *Dowsey v. Wilkins,* 467 F.2d 1022 (5th Cir. 1972); *Johnson v. Greer,* 477 F.2d 101 (5th Cir. 1973) and *Donaldson v. O'Connor,* 493 F.2d 507 (5th Cir. 1974), but also the Fourth Circuit, in *Jenkins v. Averett,* 424 F.2d 1228 (4th Cir. 1970) and the Seventh Circuit, in *Byrd v. Brishke,* 466 F.2d 6 (7th Cir. 1972), have been unable to live with the clearly-intended import of the case. As we noted in *Burton v. Waller,* 502 F.2d 1261, 1274 n. 6A (5th Cir. 1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442, 43 U.S.L.W. 3474 (U.S. March 4, 1975), our sister circuits noted read *Kern* as based on the defendant's negligence, a construction impossible to square with its language, and our *Burton* opinion refuses to concede that even gross negligence suffices for liability under it. Today's resurrection of it as mandating absolute liability is untimely indeed.

the availability as a defense of the sort of good faith asserted here—not a mere claim of generally-laudatory motives—in cases just such as this. *Donaldson v. O'Connor,* 493 F.2d 507 (5th Cir. 1974); *Johnson v. Greer,* 477 F.2d 101 (5th Cir. 1973). Recent Supreme Court decisions in the area, though not about sheriffs or jailers, generally recognize the existence of this defense in § 1983 actions against public officers. *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); 43 U.S.L.W. 4293 (U.S. Feb. 25, 1975) (school board members who were scarcely making snap decisions under pressure); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (state governor, national guard officers and university president, some, but not all of whom, were). We now hold that neither malice nor good faith, its converse, is of sufficient significance even to ask the jury about it. Reading *Dowsey,* and its progeny in our circuit, it does not put matters too high to say that I am confounded by this result. A jailer so unfortunate as to receive conflicting instructions, as did Jones, must divine at his peril when we mean what we say and when we do not, a task to which I, at least, am here established unequal.

One who in bad faith holds another whom he has been ordered to release is entitled to whatever mulcting, in reason, a jury decrees. But one who acts in good faith and can show it should not be punished for being a jailer. Jones should have been allowed a chance to establish his good faith. It should be held a defense. I would reverse.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

It is ordered that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.