[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12274
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-20053-CV-FAM

RONNY CONEY,

                                        Plaintiff-Appellee,

versus

EVELIO COBAS, individually,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 26, 2005)

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Evelio Cobas seeks a new trial on damages, claiming the district court abused its discretion by granting Ronny Coney's motion in limine. The district court did not abuse its discretion, and we affirm.

## I.  BACKGROUND

Coney filed a fifteen-count complaint seeking damages from the City of Miami and Cobas on numerous legal theories arising under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and state law.[1]  Three counts against Cobas went to the jury, and the jury found for Coney on all three, illegal seizure under 42 U.S.C. § 1983, violation of equal protection under 42 U.S.C. § 1983, and assault under Florida law.  The jury awarded Coney $20,000 in compensatory damages and $10,000 in punitive damages.

The motion in limine sought to exclude evidence and any mention at trial of Coney's arrests and convictions, with the exception of two felony convictions within the last ten years.  The motion relied on Federal Rule of Evidence 609(b), which provides convictions over ten years old cannot be used for impeachment purposes, as well as Federal Rule of Evidence 403, which provides that evidence

---

[1]  The district court granted summary judgment in favor of the City on the federal claims and declined to exercise supplemental jurisdiction on the state law claims.  The district court also granted summary judgment on some of the claims against Cobas.

should not be admitted if its prejudicial effect outweighs its probative value. The district court granted the motion from the bench.

## II. DISCUSSION

Cobas claims because Coney sought damages for emotional pain and suffering as a result of his arrest by Cobas, the evidence of his prior arrests and incarcerations is relevant to show that he did not suffer from the arrest by Cobas as much as he claimed.

We review the district court's decisions on evidentiary issues for an abuse of discretion. *United States v. Word*, 129 F.3d 1209, 1212 (11th Cir. 1997). In *Bryan v. Jones*, 519 F.2d 44, 46 (5th Cir. 1975), *rev'd and remanded on another issue*, 530 F.2d 1210 (5th Cir. 1976) (en banc),[2] the Court held the district court erred in refusing to permit proof of Bryan's prior imprisonment relative to the damages he claimed under 42 U.S.C. § 1983 for false imprisonment. The Court remanded for a new trial on damages finding:

> The court's charge to the jury instructed it to award damages for physical and mental suffering. Bryan was allowed to adduce proof of the adverse conditions under which he was confined. The parties should have been given an opportunity to develop all factual elements which related to damages. One such element is the suffering caused

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

by the very fact of incarceration, absent any issue concerning the condition of or reason for such incarceration. Even a minimal sort of penal confinement may be debilitating to many. Under comparable conditions of confinement, however, this mental anguish may be much less for the recidivist than for one incarcerated for the first time. Therefore, the fact of prior imprisonment is a consideration to the extent of mental suffering occasioned by the wrongful confinement. Accordingly, this cause must be remanded so that the damage issue may be tried anew.

*Id.* (internal citations omitted).

Coney's case is distinguishable from *Bryan*. The plaintiff in *Bryan* was incarcerated wrongfully for 36 days, and his emotional damages were for emotional "suffering caused by the very fact of incarceration." *Id.* In contrast, the crux of Coney's case was the emotional trauma he suffered at the scene of arrest, rather than the fact of incarceration. Further, the jury was made aware of Coney's 1994 and 1996 drug convictions, so the evidence Coney was a recidivist was before the jury. Assuming, *arguendo*, the prior arrests and convictions should have been admitted, the error was harmless because the two most recent convictions were admitted, and the jury was able to take Coney's prior experience with arrest and conviction into account when deciding the amount of damages. Thus, we find the district court did not abuse its discretion in granting Coney's motion in limine.

**AFFIRMED.**

4